[18014.   Department One. — April 18, 1893.]

## JOSEPH SPINNEY, RESPONDENT, *v.* ANNIE T. GRIFFITH ET AL., APPELLANTS.

MECHANIC'S LIENS — STATUTORY RIGHT. — The lien of mechanics and others on buildings, and the land upon which they are erected, for labor and materials, is the creation of statute, and the statute creating it must be looked to, both for the right to such lien and the mode by which it can be secured.

ID. — CONSTITUTION NOT SELF-EXECUTING. — The provision respecting the liens of mechanics, material men, artisans and laborers, contained in section 15 of article XX. of the constitution, is not self-executing, and is inoperative except as supplemented by legislation.

ID. — BUILDING CONTRACT NOT RECORDED — CONTRACTOR NOT ENTITLED TO LIEN. — Where a contractor entered into a written contract with the owner of land for the erection of a building thereon for a price exceeding one thousand dollars, but failed to file it, it is wholly void, and cannot be made the basis of a subsequent claim for a lien thereunder in favor of the contractor.

ID. — LIEN DENIED BY STATUTE — RECOVERY UPON COMMON COURTS. — Under section 1183 of the Code of Civil Procedure, providing that where the written contract is wholly void for want of filing, the labor done and materials furnished by all the persons therein named, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and that they shall have a lien for the value thereof, the contractor is disallowed a lien by the terms of the statute, and cannot claim it as an incident of or corollary to his right to recover upon the common-law courts of *quantum meruit* for services, and *quantum valebat* for goods, wares, and merchandise sold and delivered.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion.

*Sayle & Coldwell,* for Appellants.

*L. L. Cory,* and *Church & Cory,* for Respondent.

SEARLS, C. — This is an action to cancel a contract for the construction of a brick building in the city of Fresno, and to foreclose a mechanic's lien.

Plaintiff had judgment, from which and from an order denying a motion for a new trial defendants, Annie T. Griffith and S. N. Griffith, appeal.

Defendant, Annie T. Griffith, is the wife of her co-defendant, S. N. Griffith. She owned lots 8 and 9, in block 70, of the city of Fresno, and her husband owned or had recently owned lots 161 and 162 of the Central California Colony, near Fresno.

On the 26th of February, 1890, the plaintiff, Joseph Spinney, entered into a written contract with the husband, S. N. Griffith, by which Spinney agreed to furnish the materials and build a brick building on said lots 8 and 9 in the city of Fresno, for the sum of $3,940, and to accept in full payment therefor a mortgage executed by one W. D. Crichton for $4,000 on lots 161 and 162 in Central California Colony aforesaid. Crichton executed the mortgage to plaintiff in accordance with the contract, and the latter built the house, completing the same on or about June 1, 1890. About the time of the completion of the building, plaintiff discovered that he had been victimized in the matter of the mortgage which he had received in satisfaction of his building contract. S. N. Griffith had represented to him that he had sold the land in the Central California Colony to Crichton for $5,500, had received $1,500 of the purchase price in cash, and was to receive the mortgage of $4,000 as security for the residue of the consideration, whereas in fact the sale was a sham, no money had been paid, and the mortgage was only given to be palmed off upon plaintiff, the mortgaged property not being worth $2,500, etc.

In the view taken of the case, it is not deemed necessary to state at length the facts constituting the alleged fraud.

Upon discovering the facts, plaintiff tendered the mortgage and notes, which it was given to secure, to Griffith, and de-

manded a rescission of the contract, which being refused, he proceeded and in due time filed a contractor's lien, under the law for the "liens of mechanics and others," for $3,940 upon the building which he had constructed.

It is alleged in the complaint, and found as true by the court, that in making the contract, S. N. Griffith was the duly authorized agent of his wife, Annie T. Griffith, although that fact does not appear from the contract.

The court below rendered a judgment annulling the contract between plaintiff and S. N. Griffith, and awarding the former a judgment for $3,940, with interest and attorneys' fees amounting in the aggregate to $4,478.50, against the defendant, Annie T. Griffith, and upholding the validity of plaintiff's lien upon her premises aforesaid.

Can so much of the judgment as holds the mechanic's lien of the plaintiff to be a valid and subsisting lien on the premises of the defendant be sustained?

The lien of mechanics and others on buildings, and the land upon which they are erected, as security for the amount due them for labor performed and the materials furnished, is the creation of statute, and was unknown either at common law or in equity. We must therefore look to the source of its being, the statute, alike for the right to such a lien and the mode by which it can be secured. The terms "statute" and "statute law" are here used in that broad and comprehensive sense which includes alike the organic law and the statute enacted under it.

By section 15 of article XX. of our constitution, it is provided that: "Mechanics, material men, artisans, and laborers of every class shall have a lien upon the property upon which they have bestowed labor· or furnished material for the value of such labor done and material furnished; and the legislature shall provide by law for the speedy and efficient enforcement of such liens."

This declaration of a right, like many others in our constitution, is inoperative except as supplemented by legislative action.

So far as substantial benefits are concerned, the naked right without the interposition of the legislature is like the earth before the creation, "without form and void," or to put it in

the usual form, the constitution in this respect is not self-executing.

Chapter 2 of title 4 of part iii. of the Code of Civil Procedure contains the statutory provisions applicable to the case at bar. That chapter (Code Civ. Proc., sec. 1183) provides that mechanics, material men, *contractors, subcontractors,* artisans, architects, machinists, builders, etc., performing labor or furnishing materials, to be used, etc., shall have a lien upon the property upon which they have bestowed labor or furnished materials for the value of such labor done and materials furnished. The same section provides further: "In case of a contract for the work between the owner and his contractor, the lien shall extend to the whole contract price. . . . . All such contracts shall be in writing when the amount agreed to be paid thereunder exceeds $1,000, and shall be subscribed by the parties thereto . . . . and shall, before the work is commenced, be filed in the office of the county recorder of the county, or city and county, where the property is situated, . . . . otherwise they shall be wholly void, and no recovery shall be had thereon by either party thereto; and in such case the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof."

It will be seen from this quotation that when the amount agreed to be paid thereunder exceeds $1,000, the contract must be in writing, and shall be subscribed by the parties thereto, and must be filed before the work is commenced, otherwise it shall be wholly void. If the contract is wholly void, it cannot be made the basis of a substantial claim for a lien. A void contract is no contract; it is as though it had never existed.

The statute, in addition to declaring the contract void, which would seem to be quite sufficient for practical purposes, goes a step further and declares that "no recovery can be had thereon by either party thereto." If no recovery can be had thereon, manifestly no lien thereunder would be of avail.

It has been contended that while the contractor cannot take a lien and recover under the contract, still the contract being

void and a lien being given by the earlier part of the section to contractors, as well as to others, he is, upon well-established rules, entitled to recover upon an implied contract for the services and materials furnished, and being so entitled to recover, and the lien being assured to contractors, he may have and enforce it. The contention may seem plausible, but is the position tenable?

1. The right to recover upon a *quantum meruit,* for services, and upon *quantum valebat* for goods, wares, and merchandise sold and delivered, in case no value or price has been agreed upon by the parties, and in some cases where an attempted contract is void, is a creation of the common law, founded upon the equitable theory that he who has received and been benefited by the services or goods should pay a reasonable compensation therefor. The rule is not one created or dependent upon any statute, but exists independent thereof.

The "lien law," as it is frequently termed, is with us preeminently a creature of the statute. It derives its existence only from positive enactment, and "not arising out of, or of the essence of, the contract for labor, or dependent on the motives which suggest its being enforced, . . . . a remedy given by law, which secures the preference provided for, but which does not exist, however equitable the claim may be, unless the party brings himself within the provisions of the statute, and shows a substantial compliance with all its essential requirements." (Phillips on Mechanics' Liens, sec. 9.)

This being so, the right to a lien is not a corollary of the right to recover, but while dependent upon such right for its efficacy, is an independent creation of the statute.

Looking then to the text of the statute, it may be said the contractor whose contract is for more than $1,000, and whose contract is not in writing, and is not filed, cannot enforce his lien under the contract, because it is declared void. He cannot have a lien independent of the contract because the statute by implication forbids it. "In such case, the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof."

All persons except the contractor shall have a lien. If it was intended that the contractor, too, was in such a case to have a lien, why was he excepted?

To hold that he may under such circumstances have a lien, is to hold the exception nugatory. The statute must be construed so as to give effect to all its provisions, and when so construed, the contractor whose remuneration is in excess of $1,000, and who has failed to comply with the provisions as to executing his contract is without the pale of the class to which liens are given by such statute.

The reason of the exception is apparent. It is in the interest of laborers, subcontractors, and material men. In contracts of magnitude they are afforded a medium by which to judge as to the security afforded them under the contract. The penalty upon the owner failing to record is found in his liability to pay for all the labor performed and materials furnished; while the contractor, for like negligence, is shut out of the class of persons to whom a mechanic's lien is given, and relegated to the personal liability of the owner given him, not by the statute, but independent of it. These views of the law preclude the right of plaintiff to a mechanic's lien.

He was an original contractor, and as such entered into a written contract with the defendant, by which he agreed to construct for the latter a building, the consideration for which was in excess of $1,000. The contract was not at any time filed or recorded as required by section 1183 of the Code of Civil Procedure. It was therefore void, and plaintiff was not entitled to a lien.

Under the circumstances of this case, we may regret the conclusion to which we are forced, but we have no duty except to declare the law as we find it.

The judgment and order appealed from should be reversed, and the court below directed to take such action as may be proper and in consonance with the views expressed herein.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order should be reversed, and the court below is directed

to take such action as may be proper and in consonance with the views expressed herein.

GAROUTTE, J., PATERSON, J., McFARLAND, J.

Hearing in Bank denied.