[L. A. No. 1789. In Bank.—April 2, 1907.]

## MRS. PAUL MILTIMORE, Respondent, v. NOFZIGER BROTHERS LUMBER COMPANY et al., Appellants.

Mechanics' Liens—Priority between Lienors—Constitutional Law —Laborers not Entitled to Priority over Materialmen.—Section 1194 of the Code of Civil Procedure, providing for a priority of liens against property: First, to all persons performing manual labor in, on, or about the same; second, to persons furnishing materials; third, to subcontractors; and fourth, to original contractors, does not violate section 15 of article XX of the constitution, providing that "Mechanics, materialmen, artisans, and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the legislature shall provide by law for the speedy and efficient enforcement of such liens," in so far as it prefers the laborers and materialmen to contractors and subcontractors. That section is unconstitutional in so far as it attempts to give a priority to persons performing manual labor over persons furnishing materials.

Id.—Constitutional Provision Conferring Lien Self-Executing.— Section 15 of article XX of the constitution is self-executing to the extent that it confers upon the classes of persons enumerated therein a lien, and makes them equal, in point of rank, with regard to each other.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

G. D. De Garmo, Scarborough & Bowen, E. G. Kuster, and Charles L. Batcheller, for Appellants.

M. W. Conkling, and Frank James, *Amicus Curiæ,* for Respondent.

THE COURT.—The plaintiff was the owner of a lot upon which she had caused a building to be erected. When it was completed there remained unpaid a portion of the contract price which she had agreed to pay for the erection of the building. The other parties to the several appeals here under consideration, except the original contractor, are persons

claiming liens on the property for labor done or materials furnished in the building. The unpaid balance was not sufficient to pay all the liens, and the owner being unable to determine with certainty the amount or priority of the respective liens, and there being some dispute among the lien claimants concerning their respective claims and rights of priority, she began the main action, bringing the money unpaid into court, summoning all parties claiming an interest therein to appear and interplead as to their respective rights to the fund, and asking to be relieved from further responsibility in the matter.

Some of the parties began independent actions to foreclose their liens and some appeared in the main action and filed cross-complaints therein for such foreclosure. The actions were, however, all consolidated in the lower court and tried together. Judgment was given in favor of the owner as prayed for in her complaint. The rights of the several lien claimants to the fund were declared by the judgment in accordance with their rank as provided by section 1194 of the Code of Civil Procedure, the laborers being given the first right, the materialmen the second right, the residue, if any, being given to the subcontractors. There were among the several claimants representatives of each of these classes.

The subcontractors contend that all the claimants are entitled to share alike in the fund, without preference of one over the other, this claim being founded on the proposition that section 1194 aforesaid, so far as it declares that one class of lienholders shall have priority over another, is unconstitutional. The materialmen contend that, at all events, it is invalid so far as it gives the laborers preference to the persons who furnish materials for the building. It is stipulated that these comprise the only questions to be determined upon the respective appeals, there being separate appeals on behalf of the materialmen and subcontractors, respectively.

Section 1194, so far as material, is as follows:—

"In every case in which different liens are asserted against any property, the court in the judgment must declare the rank of each lien, or class of liens, which shall be in the following order, viz.:

"1. All persons performing manual labor in, on, or about the same.

"2. Persons furnishing materials.

"3. Subcontractors.

"4. Original contractors.

"And the proceeds of the sale of the property must be applied to each lien or class of liens in the order of its rank."

Section 15 of article XX of the constitution reads thus:—

"Mechanics, materialmen, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the legislature shall provide by law for the speedy and efficient enforcement of such liens."

The court is of the opinion that the constitutional provision designating the persons entitled to liens as "mechanics, materialmen, artisans, and laborers of every class," was intended to secure liens to these classes of persons for claims accruing to them for work done or materials furnished by them personally, and that it does not give a lien to contractors or subcontractors, as such. If a contractor or subcontractor personally labors in the erection of a building or improvement, or furnishes materials used therein, it may be that he would have a lien, under the constitution, for the value of such labor or material, but it would not be given by virtue of his contract, or to the amount of the contract price. His right to a lien under the contract is given solely by the statutory provisions in his behalf. The constitution does not provide for him as contractor or subcontractor. It follows that section 1194, in so far as it prefers the laborers and materialmen to contractors and subcontractors, and in so far as it prefers subcontractors to contractors, does not violate the constitution.

The effect of the constitutional provision, above quoted, is to place mechanics, materialmen, artisans, and laborers in the same class. They are each to have a lien, the mechanic, laborer, and artisan, for the value of his personal work or services bestowed, and the materialman for the value of materials furnished by him, and no preference is given to the one over the other. Their equality is thus established by the constitution, and it cannot be impaired or destroyed by the legislature. The constitution is self-executing to the extent that it confers upon these classes of persons a lien, and makes them equal in point of rank with regard to each other. The

provision of the code that persons performing manual labor shall be first paid out of the proceeds of the property, and, in effect, that the materialman shall have no lien, except upon such balance of the proceeds as may remain after the laborers are fully paid, clearly impairs, and in many cases will destroy, the right of materialmen given by the constitution. To that extent the statute is void. The court below should have directed that the laborers and materialmen should share alike in the proceeds of the property in proportion to the amount of their respective liens.

The judgment is reversed.

SHAW, J., SLOSS, J., and ANGELLOTTI, J., dissenting. —We dissent from the opinion of the court filed on April 2, 1907. We think, under the constitution, the legislature has power to provide a different order of priority with respect to laborers and materialmen, as well as with respect to contractors, subcontractors, and other classes of lien claimants.