[Civ. No. 2955.   First Appellate District, Division One.—November 12, 1919.]

J. C. FERGER, Respondent, v. BERTRAM W. GEARHART, Trustee, etc., Appellant.

[1] MECHANIC'S LIEN—WORK DONE BY OWNER—TIME FOR FILING CLAIM.—Under section 1187 of the Code of Civil Procedure as it existed prior to the amendment of 1919, where the construction, alteration, or repair of a building was undertaken by the owner, under the superintendence of one of its employees, a person furnishing labor and materials was not entitled to a lien on the property, where a claim of lien was not filed within thirty days after the claimant had ceased to furnish such labor and materials.

[2] ID.—CONSTITUTIONAL PROVISIONS NOT SELF-EXECUTING.—The provisions of the state constitution touching the subject of the liens of materialmen, laborers, and others, upon property upon which they have bestowed labor or furnished materials, are not self-executing, but are inoperative except as supplemented by legislation, and, therefore, are not paramount to the statute which prescribes a time within which a claim of lien must be filed to be effective.

[3] ID.—STATUS OF CLAIMANT—BURDEN OF PROOF.—In an action to foreclose a mechanic's lien, a person who has furnished and laid a certain quantity of roofing for an agreed price, in order to be entitled to the benefit of the provisions of the statute relating to original contractors, and to be placed in a position more advantageous than that occupied by a materialman, must adduce proof showing that his status was that of a contractor rather than of a materialman.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Short & Sutherland and Carl E. Lindsay for Appellant.

Everts & Ewing for Respondent.

BARDIN, J., *pro tem.*—During the early part of the year of 1916, the People's Ice Company, a corporation, was engaged in the construction, alteration, and repair of certain of its buildings upon its property in the city of Fresno, California. This work was undertaken by the corporation itself, as owner, under the superintendence of one of its employees. The corporation, falling into financial difficulties, was adjudicated a bankrupt in May of 1916. Among its creditors were several who had furnished materials for, and who had performed labor upon, the buildings referred to. Eleven claims of lien were filed under the provisions of the mechanic's lien law (Code Civ. Proc., sec. 1183 et seq.), and assignments were thereafter made to the plaintiff of the specific amounts due each claimant, and also of the rights of the lien claimants under their respective claims of lien.

[1] The appeal is taken from the portions of the judgment which are founded upon the claims of Swastika Lumber Co., for materials, Kielclguhr Company of America, for materials, Lewis Electric Company, for labor and materials, and Valley Roofing Company, for labor and materials. It is admitted in the brief of respondent that "no one of these four claims were filed within thirty (30) days after the claimant had ceased to furnish materials or labor for the buildings in question." Such claims were, however, all filed within sixty days after each respective lien claimant had ceased to furnish materials or perform labor upon said buildings. No notice of completion of the work referred to or cessation of labor thereon was ever filed by the People's Ice Company, but on March 21, 1916, the said owner notified all of said lien claimants that it had abandoned all further work on its said property. Judgment went for the

plaintiff as such assignee, for the unpaid balance, which judgment also directed the sale of the property to satisfy the aggregate amount found to be owing and unpaid.

The fundamental question presented for decision on this appeal is whether the claims of lien of the four lien claimants named were filed within the time limited by section 1187 of the Code of Civil Procedure as it existed prior to the amendment of 1919. This question is, so far as it relates to the claims of lien, in principle identical with that which was before the court in *Irwin* v. *Silva,* 40 Cal. App. 135, [180 Pac. 361] (hearing in supreme court denied). We shall, therefore, rest our decision upon the principal point of the present controversy upon the authority of that case, and for the reasons therein expressed hold that the portion of the judgment conferring upon the plaintiff a lien against the property referred to, to be without foundation.

[2] The suggestion of counsel for respondent that the provisions of the state constitution touching the subject of the liens of materialmen, laborers, and others, upon property upon which they have bestowed labor or furnished materials (sec. 15, art. XX, constitution), are paramount to the statute which prescribes a time within which a claim of lien must be filed to be effective, is without merit. The section of the constitution referred to is not self-executing, and is inoperative except as supplemented by legislation. (*Spinney* v. *Griffith,* 98 Cal. 149, [32 Pac. 974]; *Morse* v. *De Ardo,* 107 Cal. 622, [40 Pac. 1018].) The case of *Miltimore* v. *Nofziger Bros. Lumber Co.,* 150 Cal. 790, [90 Pac. 114], merely holds the section of the constitution referred to to be self-executing to the extent that it confers upon the classes of persons included within its provisions a lien, making "them equal in point of rank with regard to each other." It does not purport to go to the extent of contravening the doctrine of the case of *Spinney* v. *Griffith, supra,* where the court says, of the section of the constitution referred to:

"This declaration of a right, like many others in our constitution, is inoperative except as supplemented by legislative action.

"So far as substantial benefits are concerned, the naked right without the interposition of the legislature is like the earth before the creation, 'without form and void,' or to

put it in the usual form, the constitution in this respect is not self-executing."

[3] It is contended by respondent that the Valley Roofing Company was an original contractor within the meaning of sections 1183 and 1187 of the Code of Civil Procedure, and that its claim was filed within the statutory period. It was alleged by plaintiff that this particular assignor furnished and laid a certain quantity of roofing for the agreed price of $175. Neither the evidence nor the findings disclose the relative value of material and labor supplied, and the pleadings and findings are silent as to whether the Valley Roofing Company occupied the status of a materialman or contractor. In order to enjoy the benefits attaching to the relation of contractor with respect to the work at hand, and to be placed in a position more advantageous than that occupied by a materialman, we believe it was essential for the plaintiff to have adduced proof showing that the status of the Valley Roofing Company was that of a contractor rather than of a materialman, and that, failing so to do, no superior rights may thereby accrue to the plaintiff. As stated in *Pugh* v. *Moxley*, 164 Cal. 374, [128 Pac. 1037]: "The test of the character of the contract is the relative value of the material and the labor supplied. If the value of the labor is small in comparison with that of the material, the claimant is a materialman." No effort was made to apply this principle to the determination of the status of the Valley Roofing Company with respect to said work, either in the proof or findings.

The portions of the judgment appealed from which relate to plaintiff's first, third, fourth, and sixth causes of action are modified (1) by striking therefrom the amounts stated therein to have been paid for verifying and filing the claims of lien; and (2) wherein it is ordered, adjudged, and decreed that the plaintiff have a lien upon a property referred to therein; and as thus modified, the judgment shall stand affirmed, the appellant to recover costs of this appeal.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 8, 1920.

All the Justices concurred.