[S. F. No. 20819. In Bank. Feb. 26, 1963.]

BORCHERS BROTHERS, Plaintiff and Appellant, v. BUCKEYE INCUBATOR COMPANY, Defendant and Respondent.

*Retired Justice of the Supreme Court sitting pro tempore under assignment by the Chairman of the Judicial Council.

Bohnett, Hill & Bohnett and Thomas D. Collins for Plaintiff and Appellant.

Glen Behymer, Harold A. Slane, Harold Slane, Jr., Louis R. Hersh, Orlin C. Munns and Robert W. Schafer as Amici Curiae on behalf of Plaintiff and Appellant.

Cottrell, Hofvendahl & Roessler, Russell V. Roessler and John N. Norman for Defendant and Respondent.

Kenneth G. McGilvray and McGilvray, Cooper & Brodovsky as Amici Curiae on behalf of Defendant and Respondent.

McCOMB, J.—Plaintiff brought suit to foreclose its claim of lien for materials furnished to defendants Pierce Manufacturing Co. and Thomas Pierce, for use on real property owned by defendant Buckeye Incubator Company.

The complaint failed to allege that plaintiff had given the prelien notice required by section 1193 of the Code of Civil Procedure.

Defendant Buckeye Incubator Company demurred generally to the complaint. Upon the sustaining of the demurrer, plaintiff failed to amend within the 10 days allowed by the court.

An order dismissing the complaint as to Buckeye Incubator Company was then entered by the court. From this order plaintiff has appealed.

Plaintiff's sole contention is that the notice requirement of section 1193 of the Code of Civil Procedure is

unconstitutional because it unfairly discriminates between laborers and materialmen, in violation of article XX, section 15, of the California Constitution.[1] This contention is devoid of merit.

The section complained of provides, in part: "(a) Except one under direct contract with the owner or one performing actual labor for wages, every person who furnishes labor, service, equipment or material for which a lien otherwise can be claimed under this chapter, must, as a necessary prerequisite to the validity of any claim of lien subsequently filed, cause to be given not later than 15 days prior to the filing of a claim of lien a written notice as prescribed by this section, to the owner or reputed owner and to the original contractor."

Plaintiff points out that this provision does not require wage laborers to give the 15 days' notice, but it does require all other lien claimants (except those under direct contract with the owner) to do so.

It is contended on behalf of plaintiff that article XX, section 15, of the California Constitution is "self-executing to the extent that it confers upon these classes of persons [mechanics, materialmen, artisans, and laborers] a lien and makes them equal in point of rank. . . ." This language is predicated upon language used in *Miltimore* v. *Nofziger Bros. Lumber Co.* (1907) 150 Cal. 790, 792 [90 P. 114].

 Article XX, section 15, of the California Constitution is not self-executing but must be implemented by legislation to provide enforcement procedures.

In *Ferger* v. *Gearhart* (1919) 44 Cal.App. 245, 247 [2] [186 P. 376] [hearing denied by the Supreme Court], the court held: "The suggestion of counsel for respondent that the provisions of the state constitution touching the subject of the liens of materialmen, laborers, and others, upon property upon which they have bestowed labor or furnished materials (sec. 15, art. XX, constitution), are paramount to the statute which prescribes a time within which a claim of lien must be filed to be effective, is without merit. The section of the constitution referred to is not self-executing, and is in-

---

[1]Article XX, section 15, of the California Constitution reads: "Mechanics, materialmen, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

operative except as supplemented by legislation. [Citations.] The case of *Miltimore* v. *Nofziger Bros. Lumber Co.*, 150 Cal. 790 [90 P. 114], merely holds the section of the constitution referred to to be self-executing to the extent that it confers upon the classes of persons included within its provisions a lien, making 'them equal in point of rank with regard to each other.' It does not purport to go to the extent of contravening the doctrine of the case of *Spinney* v. *Griffith, supra* [98 Cal. 149 (32 P. 974)], where the court says, of the section of the constitution referred to:

" 'This declaration of a right, like many others in our constitution, is inoperative except as supplemented by legislative action.

" 'So far as substantial benefits are concerned, the naked right without the interposition of the legislature is like the earth before the creation, "without form and void," or to put it in the usual form, the constitution in this respect is not self-executing.' "

In *Barr Lumber Co.* v. *Shaffer* (1951) 108 Cal.App.2d 14, 20 [238 P.2d 99] [hearing denied by the Supreme Court], the court said: "In *Ferger* v. *Gearhart*, 44 Cal.App. 245 [186 P. 376], Article XX California Constitution, section 15 was held not to be self-executing, and that it was inoperative except as supplemented by the Legislature through its power reasonably to regulate and to provide for the *exercise* of the right, the manner of its exercise, the time when it attached, and the time within which and the persons against whom it could be enforced. The Legislature has exercised its plenary power in this respect continuously from 1850 down to the present time. [Citation.]"

In view of the foregoing holdings, it is evident that there is no constitutional compulsion for uniform treatment, and that the Legislature could, if it chose, adopt one method for the enforcement of materialmen's rights and a second, entirely different procedure for the enforcement of laborers' rights.

The problem is therefore presented whether the Legislature's procedural distinction in section 1193 of the Code of Civil Procedure, requiring notice by a materialman but not by a laborer, is so arbitrary and unreasonable that there is no substantial relation to a legitimate legislative objective.

The constitutional mandate of article XX, section 15, is a two-way street, requiring a balancing of the interests of both lien claimants and property owners. First, this

argument could appropriately be presented to the Legislature and not to the courts. Second, in carrying out this constitutional mandate, the Legislature has the duty of balancing the interests of lien claimants and property owners.

 From the point of view of lien claimants, the words "speedy and efficient" must obviously be interpreted to mean that the Legislature should arrange for them to receive their money as soon as possible after supplying the labor or materials.

On the other hand, the property owner also has an interest which must be protected. From his standpoint, the words "speedy and efficient" should be interpreted to mean that his title should be cleared as soon as possible, so that it will have some marketability.[2]

The Legislature has the task of balancing these two adverse interests in carrying out its duty under article XX, section 15, of the Constitution. In *Alta Building Material Co.* v. *Cameron*, 202 Cal.App.2d 299, 303-305 [20 Cal. Rptr. 713], the court correctly stated: "While the essential purpose of the mechanics' lien statutes is to protect those who have performed labor or furnished material towards the improvement of the property of another [citation], inherent in this concept is a recognition also of the rights of the owner of the benefited property. It has been stated that the lien laws are for the protection of property owners as well as lien claimants [citation] and that our laws relating to mechanics' liens result from the desire of the Legislature to adjust the respective rights of lien claimants with those of the owners of property improved by their labor and material. [Citation.] As stated in *Diamond Match Co.* v. *Sanitary Fruit Co.*, 70 Cal.App. 695 [234 P. 322], at 701: '[I]t is no less the duty of the legislature, in adopting means for the enforcement of the liens referred to in the constitutional provision, to consider and protect the rights of owners of property which may be affected by such liens than it is to consider and protect the rights of those claiming the benefit of the lien laws. The liens which are filed under the lien law against property, as a general rule, grow out of contracts which are made by and between lien claimants

---

[2]Almost any property owner could argue that the procedure for foreclosing a mechanic's lien is neither speedy nor efficient, since it clogs his title sometimes for a matter of years before the foreclosure action proceeds to trial and judgment. This argument likewise can appropriately be presented to the Legislature.

and persons (contractors) other than the owner of the property so affected, and such liens may be filed and so become a charge against property without the owner having actual knowledge thereof.'

" . . . . . . . . . . . . . . .

■ "The section does not require a pre-lien notice by those under direct contract with the owner or those who perform actual labor for wages on the property. The logical reason for this distinction is that the owner would in the usual situation be apprised of potential claims by way of lien in connection with those with whom he contracts directly, as well as those who perform actual labor for wages upon the property.

"However, as to materials furnished or labor *supplied* [i.e., labor performed elsewhere than on the property] by persons not under direct contract with the owner, it may be difficult, if not impossible, for the owner to be so apprised and the clear purpose of section 1193 is to give the owner 15 days' notice in such a situation that his property is to be 'embarrassed with a charge which will operate as a cloud upon the title thereof so long as the lien remains undischarged and that the property may be sold under foreclosure proceedings unless the debt to secure which the lien was filed is otherwise sooner satisfied.' [Citation.]"

Furthermore, the average uninformed laborer would not, as a practical matter, have the same opportunity to comply with a notice requirement as material suppliers would.

It thus appears that the legislative classification in the present case was neither arbitrary nor unreasonable and that the notice requirement of section 1193 of the Code of Civil Procedure is constitutional.

Any statements or inferences to the contrary in *Reliable Steel Supply Co.* v. *Croom,* 181 Cal.App.2d Supp. 831 [5 Cal.Rptr. 310], and *Hellen* v. *Stephenson,* 197 Cal.App.2d Supp. 863 [18 Cal.Rptr. 361], are disapproved.

The order dismissing plaintiff's complaint is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., Tobriner, J., and Peek, J., concurred.