[Civ. No. 32953. Seond Dist., Div. Three. Mar. 27, 1969.]

FRANK CURRAN LUMBER CO., INC., Plaintiff and Appellant, v. ELEVEN CO. et al., Defendants and Respondents.

Harwood, Soden & Adkinson and Dennis W. Harwood for Plaintiff and Appellant.

Jones & Bednar, Clayton Straub and Lawrence B. Parker for Defendants and Respondents.

FRAMPTON, J. pro tem.*—Appellant, Frank Curran Lumber Co., Inc., (plaintiff below), filed an action for money based on unpaid material bills in the sum of $17,013.50, seeking to obtain judgment against all defendants for this amount, and to foreclose a materialman's lien in such amount, naming as defendants, in addition to respondents The Eleven Co., and GGW Corporation, Gary Oelrich and Aames Paint-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

ing and Drywall, Inc. Plaintiff's complaint was subsequently amended adding Gary P. Oelrich Company, Inc., as a defendant.

Plaintiff alleges that between May 27, 1964, and July 24, 1964, it supplied wallboard and other lumber and materials to The Eleven Co., and Gary P. Oelrich Company, Inc., at their special instance and request, under a contract with Aames Painting and Drywall, Inc., to the amount of $17,013.50, for which plaintiff had not been paid. The complaint as amended alleges further that The Eleven Co., a limited partnership composed of GGW Corporation, as sole general partner and Gary P. Oelrich Company, Inc., were the owners and reputed owners of the land described in the complaint upon which the lumber and materials furnished were used in the construction of the improvements on such land; that a notice of furnishing of said materials by plaintiff was duly given as required by the provisions of section 1193 of the Code of Civil Procedure; that on November 25, 1964, plaintiff filed for record in the office of the County Recorder of Los Angeles County its claim and notice of lien duly verified by the claimant and such claim was duly recorded on the same date in the official records of the county recorder, giving the book and page number. Attached to the complaint, and made a part thereof by reference, was a copy of such claim and notice of lien.

Answers were filed on behalf of The Eleven Co., GGW Corporation, and Gary Oelrich. Aames Painting and Drywall, Inc., answered and filed a cross-complaint and a first amended cross-complaint. The answer of The Eleven Co., and GGW Corporation was filed on March 24, 1965. On June 27, 1967, the latter filed an amended answer in which it was admitted that The Eleven Co., a limited partnership, and GGW Corporation, a corporation, were at all times material the owners of the land described in the complaint. In the sixth affirmative defense of the amended answer it was alleged that prior to May 1, 1964, these answering defendants entered into a written contract with the defendant Gary P. Oelrich Co., Inc., by the terms of which the latter agreed to construct certain residential properties on the real property described in the complaint, and agreed to keep said real property free from liens; that these answering defendants upon information and belief, allege that Gary P. Oelrich Co., Inc., disputed the correctness and validity of plaintiff's claim and lien, and in compliance with the provisions of section 1193.2 of the Code of Civil Procedure, caused to be executed, delivered, and recorded in

the county recorder's office of Los Angeles County where the real property is located, a surety bond in the principal sum of $25,520.25 dated October 30, 1964, executed by Gary P. Oelrich Co., Inc., as principal, and the New Amsterdam Casualty Company, as surety. The bond was attached to the amended answer and was made a part thereof by reference. The amended answer alleged further that by reason of the execution, delivery and recording of the bond, the real property, described in said bond and in the complaint, as well as the claim of lien of the plaintiff, was freed from the effect of such claim of lien and any action brought to foreclose such lien including the pending action.

The prayer of the amended answer sought dismissal of the action with prejudice as to these answering defendants (the owners) and that the real property be freed from the effect of plaintiff's claim of lien.

On September 22, 1967, respondents filed a motion for summary judgment supported by declarations and interrogatories and answers thereto. Appellant filed points and authorities and the declaration of Frank Curran, Jr., president of appellant corporation, in opposition to the motion.

The motion for summary judgment was granted and judgment was entered on October 20, 1967, in pertinent part as follows: "IT Is ORDERED that the complaint on file herein be, and it is, dismissed as to the defendants THE ELEVEN Co., and GGW CORPORATION.

"IT Is FURTHER ORDERED, ADJUDGED AND DECREED that the claim of Mechanic's Lien referred to in the complaint, and attached thereto as Exhibit 'A', is invalid and of no force and effect and that the real property, described in the complaint and in said claim of Mechanic's Lien, is freed from the effect of such claim of lien." The appeal is from the judgment.

Appellant contends that (1) the bond recorded is not a sufficient bond under the provisions of section 1193.2 of the Code of Civil Procedure; (2) section 1193.2 as applied to appellant violates the provisions of article XX, section 15 of the California Constitution; (3) if the bond is valid, the effect of recordation of the bond does not authorize the dismissal of the owners of the property from the action, and (4) the declarations filed in support of and in opposition to the motion for summary judgment disclose triable issues of fact.

The declaration of Lawrence B. Parker, one of the attorneys for respondents, discloses that the bond here in question,

a copy of which was attached to respondents' amended answer, was recorded in the office of the County Recorder of Los Angeles County. The copy of the bond bears the stamp of the county recorder showing that it was recorded in the official records on December 29, 1964. The provisions of the bond, insofar as they are material to the issues, are set forth below.[1]

Section 1193.2 of the Code of Civil Procedure provides ". . . if any contractor named in said claim of lien or whose duty it is under his contract with the owner to keep such property free from liens, . . . disputes the correctness or validity of such claim of lien, he may record . . . , either before or after the commencement of an action to enforce such claim of lien, in the office of the county recorder in which such claim or lien was recorded, a bond executed by some corporation authorized to issue surety bonds in the State of California, in a penal sum equal to 1½ times the amount of the claim, . . . which bond shall guarantee the payment of

---

[1] "Bond For Release of Mechanics Lien
Pursuant to Section 1193.2, C.C.P.
KNOW ALL MEN BY THESE PRESENTS: That we,
GARY P. OELRICH CO., INC.
as Principal, and NEW AMSTERDAM CASUALTY COMPANY, a NEW YORK Corporation, duly authorized to transact business in the State of California, as Surety, are held and firmly bound unto SECURITY TITLE INSURANCE COMPANY as Obligee, in the sum of TWENTY FIVE THOUSAND, FIVE HUNDRED TWENTY AND 25/100 ($25,520.25) DOLLARS - - - - - - - - - - - - - - lawful money of the United States of America, to the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, and successors, jointly and severally, firmly by these presents.
THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, THAT, WHEREAS, the above named Principal is the owner and contractor of the property known as Tract JOHN REED TRACT, 725, 35, 45, 55 N. Sunset, , County of Los Angeles , California.
WHEREAS, THE above described real property is subject to certain Mechanics Liens as follows:
 County Recorder of Los Angeles, State of California, on November 25, 1964, as Document No. 5059, Page 983 of Book M-1685, whereby FRANK CURRAN LUMBER Co., claims a lien on said real property in the amount of SEVENTEEN THOUSAND, THIRTEEN AND 50/100 ($17,013.50) DOLLARS and
WHEREAS, said Principal disputes the correctness or validity of such claim of lien and desires to execute and record a bond pursuant to the provisions of Section 1193.2 C.C.P. to enable the realty [sic] property above described to be freed from the [e]ffect of said claim of lien and any action brought to foreclose said lien.
NOW, THEREFORE, THE CONDITION OF THE OBLIGATION IS SUCH THAT, if the Principal shall pay, or cause to be paid, such sum as said·lien claimants may recover in any suit thereon together with cost ·of suit, or if principal shall cause·said claims of lien to be released or discharged, or if said principal shall cause to be paid any judgment obtained by said lien ·claimants in a subsequ[e]nt lien foreclosure action together with the costs of suit in said action, then ·this obligation shall be void, otherwise to remain in full force and effect.
Signed, sealed and dated this 30th day of November, 1964."

any sum which the claimant may recover on the claim together with his costs of suit in the action, if he recovers therein; if the . . . person falling into any of the classes above named [other than the owner] records . . . such bond, then the real property described in such bond shall be freed from the effect of such claim of lien and any action brought to foreclose such lien. The principal upon such a bond may be . . . the contractor. . . ."

The declarations disclose that the defendant Gary P. Oelrich Co., Inc., was the general contractor of the project. The contract between the owners and the general contractor provided that the latter would hold the owners free and harmless against all liens and claims of lien for labor and material filed against the property.

Appellant's attack upon the sufficiency of the bond rests upon the fact that Security Title Insurance Company was named as obligee in the bond, whereas, appellant urges, appellant should be named as obligee. Just why the Security Title Insurance Company was named as obligee in the bond instead of appellant is not made clear. The fact that appellant was not named as obligee in the bond does not mean that the bond does not inure to the benefit of appellant as a lien claimant.

 The following should be noted with respect to the bond: it is entitled "Bond for release of Mechanics Lien Pursuant to C.C.P. § 1193.2." In the body of the instrument it recites that it is executed pursuant to the provisions of the above section; the claim of appellant is described as a mechanics lien against the property, and refers to the "Materialman's Lien" attached as exhibit 'A' to the complaint; the language of the second whereas clause of the bond follows the substance of the language found in the section; the penal sum of the bond is one and one-half times the amount of appellant's claim as prescribed by the section; and the principal on the bond is the general contractor, Gary P. Oelrich Co., Inc. which is in accordance with the authority given by the last sentence of the section.

In view of the foregoing there is no doubt that the bond was intended to be, and was given pursuant to section 1193.2 of the Code of Civil Procedure. Where a surety bond is given pursuant to the requirements of a particular statute, the statutory provisions are incorporated into the bond and become a part of it. (*Hartford Acc. etc. Co.* v. *City of Tulare*, 30 Cal.2d 832, 837 [186 P.2d 121]; *Bank of America* v. *Dowdy*, 186 Cal.App.2d 690, 693 [9 Cal.Rptr. 779].) Ap-

pellant, being named in the bond as the claimant, and the claim of lien being identified as the same one upon which the cause of action was predicated, was a direct beneficiary under the bond whether or not it was named therein specifically as obligee.

■ It has been held that article XX, section 15 of the California Constitution[2] is not self-executing, and is inoperative except as supplemented by the Legislature through its power reasonably to regulate and to provide for the exercise of the right, the manner of its exercise, the time when it attached, and the time within which and the persons against whom it could be enforced. The constitutional mandate is a two-way street, requiring a balancing of the interests of both lien claimants and property owners. In carrying out this constitutional mandate the Legislature has the duty of balancing the interests of lien claimants and property owners. (*Borchers Bros.* v. *Buckeye Incubator Co.*, 59 Cal.2d 234, 238-239 [28 Cal.Rptr. 697, 379 P.2d 1].) Article XX, section 15 of the Constitution makes no provision for the cancellation or release of a mechanic's or materialman's lien once it has become, by recordation, an encumbrance upon the property of the owner, thus creating an obstacle to the sale or other disposition by the owner of his property so long as the lien remains of record. If a dispute should arise, as it frequently does, between the owner, or a contractor whose duty it is under his contract with the owner to keep such property free from liens, or subcontractor as defined in section 1193.2 of the Code of Civil Procedure and a mechanic, materialman, artisan or laborer who has bestowed labor or furnished material on the property, as to the validity of the claim or lien or as to the amount thereof, and litigation should result, the lien, unless provision is made for its earlier release or cancellation by appropriate means, could constitute a substantial interference with the owner's right to dispose of his property for a period of several years if the litigation should be carried through the appellate level. ■ Under article XX, section 15 the Legislature is empowered, in balancing the interests of the lien claimant and the property owner, to adopt legislation which will relieve the property owner of the burden of the lien and at the same time

---

[2]Article XX, section 15 of the California Constitution reads as follows: ''Mechanics, materialmen, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens.''

afford the lien claimant reasonable assurance that his claim, if valid, will be paid in full. Section 1193.2 of the Code of Civil Procedure provides such relief to the property owner and also provides ample guarantee to the lien claimant of the payment of his claim. The language of the Constitution granting the right to a mechanics or materialman's lien does not compel a construction which would deprive the property owner of his right to dispose of his property free of such lien until the dispute is finally determined in a court of law. Such a construction would not balance the interests of the respective parties but in fact would favor the lienholder to the detriment of the owner of the property. ▊ Section 1193.2 of the Code of Civil Procedure does not deprive the appellant of its constitutional right to a lien. On the contrary, it provides for the speedy and efficient enforcement of such lien in a manner that is just and equitable both to the appellant, as holder of the lien, and to the respondents, as owners of the property. As was said in *Alta Bldg. Material Co.* v. *Cameron,* 202 Cal.App. 2d 299, 303-304 [20 Cal.Rptr. 713], ''While the essential purpose of the mechanics' lien statutes is to protect those who have performed labor or furnished material towards the improvement of the property of another [citation], inherent in this concept is a recognition also of the rights of the owner of the benefited property. It has been stated that the lien laws are for the protection of property owners as well as lien claimants [citation] and that our laws relating to mechanics' liens result from the desire of the Legislature to adjust the respective rights of lien claimants with those of the owners of property improved by their labor and material.''

▊ Appellant urges that if the bond is valid, the effect of recordation of the bond does not authorize the dismissal of the owners of the property from the action.

Section 1193.2 of the Code of Civil Procedure provides that upon recordation of the bond referred to therein, ''then the real property described in such bond shall be freed from the effect of such claim of lien and any action brought to foreclose such lien.''

▊ Appellant was a subcontractor under contract with Gary P. Oelrich Company, Inc., the general contractor. There was no privity of contract between the owners and appellant. In appellant's action to foreclose its lien, it could only enforce its claim against the land on which the building was situated. A personal judgment against the owners could not be obtained. (*R. D. Reeder Lathing Co.* v. *Allen,* 66 Cal.2d

373, 376 [57 Cal.Rptr. 841, 425 P.2d 785] ; *Roberts* v. *Security Trust & Sav. Bank,* 196 Cal. 557, 573-574 [238 P. 673] ; *Rogers* v. *Whitson,* 228 Cal.App.2d 662, 673 [39 Cal.Rptr. 849].) In *Borello* v. *Eichler Homes, Inc.,* 221 Cal.App.2d 487 [34 Cal. Rptr. 648], a joint and several judgment was rendered against the owner, the general contractor, the subcontractor, and the bonding company which had executed the bond provided for under section 1193.2 of the Code of Civil Procedure. The amount of the personal judgment did not exceed the amount of the claim of lien. No objection was raised by the owner as to the propriety of the judgment. The question whether the owner was entitled to a dismissal of the action as to it, upon recording of the bond pursuant to section 1193.2 of the Code of Civil Procedure, was left open. Since the effect of the recording of the bond was to free the real property from the effect of the claim and lien and any action brought to foreclose such lien, and since no personal judgment could be rendered against the landowners, it was proper, upon granting summary judgment, to dismiss the action as to them only so that the action could proceed against the other defendants against whom a personal judgment might be rendered.

Appellant argues that the respondents are estopped to claim the benefits of section 1193 of the Code of Civil Procedure or at least that the declarations and counterdeclarations raise an issue of fact whether or not respondents are estopped. Appellant's position appears to be that the general contract shows the owners' awareness that certain services were to be supplied to the property for which a mechanic's lien may be filed; the owners failed to post a notice that they would not be responsible for such services; the owners, having failed to post such notice, the services should be held to have been performed or furnished at the instance and request of such owners pursuant to the provisions of section 1183.1 of the Code of Civil Procedure.

 Section 1183.1 subdivision (b) of the Code of Civil Procedure is designed to cover situations where someone who holds less than fee title to land, such as a lessee or conditional purchaser, enters into a contract for the improvement thereof without the knowledge of the owner. The section gives the owner under such circumstances the right to insulate his property from the effect of the mechanic's or materialman's lien provided that he posts and records the notice prescribed in the section within 10 days after having actual knowledge of

the construction. Failure alone to post and record such notice, however, does not create privity of contract between the owner and the mechanic or materialman, so that a personal judgment against the owner could be obtained. The mechanic or materialman may only enforce his remedy against the land. And where the owner has actual knowledge of the improvement made, and fails to post and record the notice as contemplated under section 1183.1, he is estopped to assert that the notice required to be given under section 1193 of the Code of Civil Procedure, as a necessary prerequisite to the validity of any claim of lien subsequently filed, had not been given. (*Scott, Blake & Wynne* v. *Summit Ridge Estates, Inc.,* 251 Cal.App.2d 347, 353 [59 Cal.Rptr. 587].) Whether appellant's claim of lien arose by reason of respondents' failure to insulate themselves from such claim under the provisions of section 1183.1 or whether it arose by the appellant's giving the required notice under section 1193 is not material to or decisive of the issues here presented. In either event respondents (owners) were entitled to free their real property from the effect of the claim of lien and any action brought to foreclose such lien. If then, as appellant claims, the declarations and counterdeclarations addressed to the motion for summary judgment raise triable issues of fact bearing upon respondents' estoppel to assert that appellant's claim is invalid because claimant failed to give prior notice required by section 1193 of the Code of Civil Procedure, such issues do not require reversal of the judgment for a trial thereon for the reason that respondents are entitled to have their property relieved of the effect of the claim of lien and any action brought to foreclose such lien, when the provisions of section 1193.2 of the Code of Civil Procedure have been complied with, whether or not such claim of lien is valid or invalid. The fact that a claim of lien may be invalid would seem to create as great a need for the protection and relief afforded the property owner under the provisions of section 1193.2 of the Code of Civil Procedure as the need for protection and relief against a valid claim of lien.

 Appellant's counsel for the first time, in oral argument, urges that the description of the real property contained in the bond is insufficient, and in any event there is a triable issue of fact whether the real property described in the bond is the same property described in the plaintiff's complaint and in the claim of lien.

Plaintiff's complaint contains a legal description of the

property by reference to "that portion of Rancho La Puente, in the City of West Covina, County of Los Angeles, State of California, as per map recorded in Book 1, Pages 43 and 44 of Patents, in the Office of the County Recorder of said County, described as follows." This is followed by a metes and bounds description. The claim of lien contains a description of the property by metes and bounds identical with that contained in the complaint. The claim of lien shows that it was recorded in the office of the County Recorder of Los Angeles County on November 25, 1964, as document number 5059 in book number 1685 at page 983. The bond specifically refers to and identifies the claim of lien by its document number given it by the county recorder, its date of recordation, and by the book and page numbers where it is recorded. There is nothing in the declarations challenging the identity of the land described in the bond as not being the same land as that described in the complaint. The description of the land contained in the bond together with the added reference to the claim of lien wherein the land is specifically and adequately described and which description is identical with the description contained in appellant's complaint leaves no triable issue of fact relating to the identity of the property involved.

In deciding that the summary judgment in favor of respondents was correct we assumed but did not decide that the lien was valid. The recital in the judgment that the lien "is invalid and of no force and effect" was unnecessary to the decision to dismiss the action as to respondents and should be stricken from the judgment. The judgment is also in error in one other respect: it refers to the real property described in the *complaint* as being freed from the effect of the lien, whereas section 1193.2 of the Code of Civil Procedure provides that the real property described in the *bond* shall be freed from the effect of such claim of lien.

The judgment is modified to delete therefrom the second paragraph following the preamble commencing "It Is Further Ordered, Adjudged and Decreed that the claim . . ." and by inserting in its place the following paragraph:

"It Is Further Ordered, Adjudged and Decreed that the real property described in the bond attached as Exhibit C to the Amended Answer of The Eleven Co. and GGW Corporation and in the claim of mechanics lien referred to in the complaint and attached thereto as Exhibit 'A' is freed from the effect of such claim of lien."

The opinion of the court having been so modified, appellant's petition for rehearing is denied.

As so modified the judgment is affirmed.

Moss, Acting P. J., and Schweitzer, J., concurred.

A petition for rehearing was denied on April 24, 1969, and the opinion was modified to read as printed above.