[No. F014353. Fifth Dist. Apr. 28, 1992.]

PARSONS BRINCKERHOFF QUADE & DOUGLAS, INC., Plaintiff and Respondent, v.
KERN COUNTY EMPLOYEES RETIREMENT ASSOCIATION, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

## COUNSEL

Borton, Petrini & Conron and Dixon G. Kummer for Defendant and Appellant.

Thelin, Marrin, Johnson & Bridges, David Buoncristiani, Gregg N. Dulik and Christine H. Carpenter for Plaintiff and Respondent.

## OPINION

**DIBIASO, J.**—Defendant Kern County Employees' Retirement Association (KCERA) appeals from a judgment ordering foreclosure of a mechanic's lien against improved property owned by KCERA. The lien was recorded by plaintiff Parsons Brinckerhoff Quade & Douglas, Inc. (Parsons). We will affirm. In the published portion of this opinion, we will determine Government Code[1] section 31452 is unconstitutional when applied to the enforcement of a mechanic's lien by a claimant whose lien rights are guaranteed by article XIV, section 3, of the California Constitution.

In 1985 Mosesian Development Corporation (Mosesian) contracted with Parsons, an architectural firm, to design the Beale Memorial Library and administer its construction on land which Mosesian owned. On October 15, 1987, Mosesian recorded a "Notice of Completion" with respect to the project. The same day Mosesian sold the library property to KCERA.

Thereafter, on November 16, 1987, Parsons recorded a claim of lien, for unpaid architectural design services, against the property. Parsons then filed suit for breach of contract, for goods and services rendered, and for foreclosure of the lien.

Following a trial without a jury, the superior court rendered judgment in favor of Parsons, awarding it $25,726.20 in damages against Mosesian and authorizing foreclosure of the mechanic's lien.

---

[1] All statutory references are to the Government Code unless otherwise indicated.

## Discussion

### I.

KCERA contends the provisions of section 31452 prohibit an enforced sale of its library property under Parsons's lien. Section 31452 reads:

"The right of a person to a pension, annuity, retirement allowance, return of contributions, the pension, annuity, or retirement allowance, any optional benefit, any other right accrued or accruing to any person under this chapter, the money in the fund created or continued under this chapter, and *any property purchased for investment purposes pursuant to this chapter,* are exempt from taxation, including any inheritance tax, whether state, county, municipal, or district. They *are not subject to execution or any other process of court whatsoever* except to the extent permitted by Section 704.110 of the Code of Civil Procedure,[2] and are unassignable except as specifically provided in this chapter." (Italics added.)

Section 31452 is part of the County Employees Retirement Law of 1937 (CERL) (§ 31450 et seq.), the purpose of which is:

". . . to recognize a public obligation to county and district employees who become incapacitated by age or long service in public employment and its accompanying physical disabilities by making provision for retirement compensation and death benefit as additional elements of compensation for future services and to provide a means by which public employees who become incapacitated may be replaced by more capable employees to the betterment of the public service without prejudice and without inflicting a hardship upon the employees removed." (§ 31451.)

It is undisputed that (1) KCERA was formed pursuant to CERL; (2) KCERA purchased the library property for investment purposes with retirement funds; and (3) foreclosure of a mechanic's lien involves the "process of court," in the form of a judgment or order for sale and a writ of sale. (Code Civ. Proc., §§ 712.010 & 716.010; see also Civ. Code, § 3144.)

Article XIV, section 3 of the California Constitution (formerly art. XX, § 15) provides:

"Mechanics, persons furnishing materials, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed

---

[2] With one exception, Code of Civil Procedure section 704.110 exempts benefits under a "public retirement system" from execution to satisfy a money judgment. The statute is not relevant to this case.

labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

Parsons contends this section assured its mechanic's lien rights.[3] We agree.

The applicable legal principles which guide our evaluation of the constitutionality of section 31452 are settled.

■ "[A]ll presumptions and intendments are in favor of the constitutionality of a statute enacted by the legislature; all doubts are to be resolved in favor and not against the validity of a statute; that before an act of a coordinate branch of the government can be declared invalid by the judiciary for the reason that it is in conflict with the Constitution, such conflict must be clear, positive, and unquestionable; and in case of a fair and reasonable doubt as to its constitutionality, the statute should be upheld and the doubt resolved in favor of the expressed wishes of the people as given in the statute." (*Jersey Maid Milk Products Co.* v. *Brock* (1939) 13 Cal.2d 620, 636.)

Furthermore, we must read the Constitution and the statute together; if the statute is reasonably capable of interpretation consistent with the Constitution, " 'the statute will be given that meaning, rather than another in conflict with the Constitution.' " (*County of Madera* v. *Gendron* (1963) 59 Cal.2d 798, 801 [31 Cal.Rptr. 302, 382 P.2d 342, 6 A.L.R.3d 555].) The courts should not espouse an interpretation which invites constitutional difficulties. (*D'Amico* v. *Board of Medical Examiners* (1970) 6 Cal.App.3d 716, 726 [86 Cal.Rptr. 245].)

However, these standards prevail only in cases where there is a need for construction because of the existence of a legitimate reasonable doubt as to the meaning of the words of the statute or the scope of its application. (*Bourland* v. *Hildreth* (1864) 26 Cal. 161, 189.) Where the language of the statute is clear and in no need of judicial interpretation, and where its application is apparent, the presumption is ineffective. (*Ibid.*; see also *Lockhart* v. *Wolden* (1941) 17 Cal.2d 628, 631 [111 P.2d 319]; and *Riley* v.

---

[3]Appellant's challenge to the enforcement of Parsons' lien is based solely upon section 31452. Appellant does not claim architects such as Parsons are excluded from the four categories—"mechanics, persons furnishing materials, artisans, and laborers of every class"— listed in California Constitution article XIV, section 3. Accordingly, for purposes of this opinion we assume Parsons is a member of one or more of the constitutionally protected classes (See *Mendenhall* v. *Gray* (1914) 167 Cal. 233, 236 [139 P. 67]), and that its lien is otherwise valid.

*Southwest Marine, Inc.* (1988) 203 Cal.App.3d 1242, 1258 [250 Cal.Rptr. 718].) ▮ A statute valid on its face may be unconstitutional when applied in a particular case. (*People* v. *Wingo* (1975) 14 Cal.3d 169, 180 [121 Cal.Rptr. 97, 534 P.2d 1001].) "The claimed unconstitutionality may arise out of the application of the statute to a particular individual or class of individuals." (*In re Spinks* (1967) 253 Cal.App.2d 748, 751 [61 Cal.Rptr. 743].) In such a context, the statute itself is not "invalid"; it is " 'only the implementing action which purports to apply the legislation.' " (*In re Marriage of Siller* (1986) 187 Cal.App.3d 36, 50 [231 Cal.Rptr. 757].)

▮ Here, we have the situation where a statute, clear in its meaning and certain in its intended application, is unconstitutional in its effect. Article XIV, section 3 of the state Constitution, guarantees a lien to Parsons. (*Mendenhall* v. *Gray, supra,* 167 Cal. at p. 236.) Under the statutes which implement and govern the exercise of this right, Parson's lien attached to the library property at the time the first labor or material was furnished for the work of construction. (Civ. Code, § 3128; *Simons Brick Co.* v. *Hetzel* (1925) 72 Cal.App. 1, 5 [236 P. 357].) Absent the operation of section 31452, Parson's lien claim would not be defeated or otherwise affected by the conveyance of the property to KCERA after the work commenced but before the lien was recorded. (*Hotaling* v. *Cronise* (1852) 2 Cal. 60, 64; *Schrader Iron Works Inc.* v. *Lee* (1972) 26 Cal.App.3d 621, 632 [103 Cal.Rptr. 106].) However, if section 31452 is given effect, Parson's constitutional right will be abrogated. Where a statute operates unambiguously to deprive a person of a constitutional guarantee, it is invalid, and the courts must so declare. (*Bourland* v. *Hildreth, supra,* 26 Cal. at p. 189; *Riley* v. *Southwest Marine Inc., supra,* 203 Cal.App.3d at p. 1258; *Paley* v. *Bank of America* (1958) 159 Cal.App.2d 500, 510 [324 P.2d 35].)

KCERA claims section 31452 must be enforced because article XIV, section 3 of the state Constitution is not self-executing, and is therefore ineffectual except to the extent the Legislature provides for the exercise of the right. (*Borchers Bros.* v. *Buckeye Incubator Co.* (1963) 59 Cal.2d 234, 238-239 [28 Cal.Rptr. 697, 379 P.2d 1].) According to KCERA, section 31452 represents a reasonable legislative attempt, pursuant to the constitutional mandate, to balance the "interests of lien claimants and property owners." (*Ibid.*; see also *Frank Curran Lbr. Co.* v. *Eleven Co.* (1969) 271 Cal.App.2d 175, 183 [76 Cal.Rptr. 753].) KCERA relies upon the statement in *Borchers* that article XIV, section 3 is " 'inoperative except as supplemented by the Legislature through its power reasonably to regulate and to provide for the *exercise* of the right, the manner of its exercise, the time when it attached, and the time within which and *the persons against whom it*

*could be enforced.'* " (*Borchers, supra,* 59 Cal.2d at p. 238, italics added; see also *Coast Central Credit Union* v. *Superior Court* (1989) 209 Cal.App.3d 703, 709 [257 Cal.Rptr. 468].)

We disagree with KCERA's assertion that the Legislature can forbid enforcement of the lien against selected landowners or other persons. The charge to the Legislature concerns the manner in which the constitutional right is to be *exercised.* (*Borchers Bros.* v. *Buckeye Incubator Co., supra,* 59 Cal.2d at pp. 238-239; *Coast Central Credit Union* v. *Superior Court, supra,* 209 Cal.App.3d at p. 709.) Nothing in article XIV, section 3 of the state Constitution empowers the Legislature to revoke the right, entirely or in particular circumstances, from any member of a class the Constitution expressly protects. (*Mendenhall* v. *Gray, supra,* 167 Cal. at p. 236.)

We do not believe *Borchers* demands the conclusion advanced by KCERA. The phrase "the persons against whom it could be enforced" contained in *Borchers* seems to have originated in *Barr Lumber Co.* v. *Shaffer* (1951) 108 Cal.App.2d 14, 18 [238 P.2d 99]. However, it does not appear in the case, *Ferger* v. *Gearhart* (1919) 44 Cal.App.245 [186 P. 376], cited by *Barr* as authority for the proposition. None of these cases, *Ferger, Barr, Borchers* or *Coast Central,* explains the notion further or provides an example of its application. The point was not material to the holding in any of those cases. Whatever may have been meant by the remark, we do not believe it supports a conclusion the Legislature may, in carrying out its constitutional mandate, effectively deny a member of a protected class the benefits of an otherwise valid lien by forbidding its enforcement against the property of a preferred person or entity. (See *Miltimore* v. *Nofziger Bros. Lumber Co.* (1907) 150 Cal. 790, 792-793 [90 P. 114]; *Alta Bldg. Material Co.* v. *Cameron* (1962) 202 Cal.App.2d 299, 302-303 [20 Cal.Rptr. 713].) Section 31452 is therefore ineffectual with respect to perfected lien claims guaranteed by article XIV, section 3 of the California Constitution.[4]

II., III.*

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

[4]The parties have not raised, and we do not decide, any issue concerning whether the pension plan administered by KCERA is subject to The Employee Retirement Income Security Act of 1974 (ERISA), and thus whether either article XIV, section 3 or section 31452 is preempted by the federal statutory scheme. (29 U.S.C. § 1144 (a); cf. *Ingersoll-Rand Co.* v. *McClendon* (1990) 498 U. S. 133, __ [112 L.Ed.2d 474, 484, 111 S.Ct. 478, 483]; *Pilot Life Ins. Co.* v. *Dedeaux* (1987) 481 U.S. 41, 47-48 [95 L.Ed.2d 39, 47-48, 107 S.Ct. 1549]; *Carpenters So. Cal. Admin. Corp.* v. *El Capitan Development Co.* (1991) 53 Cal.3d 1041, 1048-1049 [282 Cal.Rptr. 277, 811 P.2d 296].) We do note, however, ERISA does not apply to a "governmental plan," as defined in 29 United States Code section 1002 (32). (29 U.S.C. § 1003 (b)(1).)

*See footnote, *ante,* page 1264.

## DISPOSITION

The judgment is affirmed.

Martin, Acting P. J., and Ardaiz, J., concurred.