5 Cal.Rptr. 310]

## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 9983.   May 17, 1960.]

RELIABLE STEEL SUPPLY COMPANY (a Corporation), Appellant, v. JAMES W. CROOM et al., Respondents.

Harold A. Slane, Harold Slane, Jr., and Louis R. Hersh for Appellant.

Behymer & Hoffman as Amicus Curiae on behalf of Appellant.

Baird, Mooney & Baird for Respondents.

SWAIN, P. J.—This is an action to foreclose a mechanic's lien for materials furnished between July 1, 1959, and August 30, 1959. The claim of lien was recorded October 15, 1959. This action was filed December 14, 1959. The complaint does not allege that the plaintiff caused ''to be given not later than 15 days prior to the filing of (the) claim of lien a written notice as prescribed by'' section 1193 of the Code of Civil Procedure. Service of such a notice on the owner and the contractor is required of materialmen by new provisions of that section enacted in 1959. The change requiring such notice went into effect September 18, 1959. Because of the lack of this allegation the court sustained a demurrer to the complaint without leave to amend. The plaintiff appeals from the judgment of dismissal which followed.

The only question involved is the constitutionality of the above requirement of notice. Code of Civil Procedure, section 1193 reads in part, '' (a) Except one under direct contract with the owner or one performing actual labor for wages, every person who furnishes labor, service, equipment or material for which a lien otherwise can be claimed under this chapter, must, as a necessary prerequisite to the validity of any claim of lien subsequently filed, cause to be given not later than 15 days prior to the filing of a claim of lien a written notice as prescribed by this section, to the owner or reputed owner and to the original contractor.'' The section, further, prescribes the contents of the notice. Appellant attacks the constitutionality of the foregoing provisions of the section and centers its attack on the proposition that it discriminates between a materialman and a laborer.

Both such claimants have a constitutional right to a lien. Section 15 of article XX of the California Constitution provides: ''Mechanics, materialmen, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens.'' Appellant, also, relies on the well-

established principle stated in 12 American Jurisprudence 142, "Where the Constitution makes a classification, a different one cannot be made by the legislature." In *Miltimore* v. *Nofziger Bros. Lumber Co.* (1907), 150 Cal. 790 [90 P. 114], the court considered the above-quoted section of the Constitution and said, page 792: "The effect of the constitutional provision, above quoted, is to place mechanics, materialmen, artisans, and laborers in the same class. They are each to have a lien, the mechanic, laborer, and artisan, for the value of his personal work or services bestowed, and the materialman for the value of materials furnished by him, and no preference is given to the one over the other. Their equality is thus established by the constitution, and it cannot be impaired or destroyed by the legislature."

The respondent, at the oral argument, attempted to claim that the requirement of notice is procedural, which it is, and that the rule established in the last-mentioned case does not apply to procedural matters. It is true that that case establishes the absolute rule against classification only for substantive matters. But that does not mean there is no rule at all. The classification must be reasonable and based on some natural, intrinsic or constitutional difference related to the subject matter of the legislation. The Miltimore case is very persuasive that in this field of legislation they are constitutionally similar rather than different and we must so hold in the absence of any natural or intrinsic difference directly related to this legislation. In *City of Pasadena* v. *Stimson* (1891), 91 Cal. 238 [27 P. 604], it was held that section 870 of the Municipal Corporation Act of 1883, requiring cities of the fifth and sixth classes to make an effort to agree with the owners of land sought to be condemned before instituting condemnation proceedings, violated what is now Constitutional article IV, section 25, which provides: "The Legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: . . . Third—Regulating the practice of courts of justice . . . Thirty-third—In all other cases where a general law can be made applicable." At page 249 the court said: "It seems to us perfectly clear that the clause of the incorporation act requiring cities of the fifth and sixth classes to make an effort to agree, while all other persons are exempt from such condition, is in plain and direct conflict with both of these constitutional inhibitions. It destroys the uniform operation of a general law, and is special in a case where a general law not only can be made applicable, but in

which a general law had been enacted, and in which there is no conceivable reason for discrimination.'' This was approved and quoted in *City of Tulare* v. *Hevren* (1899), 126 Cal. 226, 231 [58 P. 530], and has been cited with uniform approval as recently as *Department of Mental Hygiene* v. *McGilvery* (1958), 50 Cal.2d 742, 754 [329 P.2d 689]. The principles of the quoted case apply and are decisive in our case although it dealt with lack of uniformity in a law affecting members of the same natural class and our case deals with a law which affects members of a class established by the constitution.

The judgment is reversed with directions that the defendant be given such time to answer as the court deems reasonable.

Huls, J., and Smith, J., concurred.