18 Cal.Rptr. 361]

## Appellate Department, Superior Court, San Diego

[Civ. A. No. 257393.   Dec. 1, 1961.]

JOHN R. HELLEN, as Trustee in Bankruptcy, etc., Plaintiff and Appellant, v. JOHN DOE STEPHENSON et al., Defendants and Respondents.

864

Dorman & Dorman and Wallace D. Dorman for Plaintiff and Appellant.

Richard G. Rypinski for Defendants and Respondents.

Before Glen, P. J., Monroe, J., and Toothaker, J.

THE COURT.—The plaintiff, as trustee in bankruptcy of the estate of Lakeside Lumber Co., Inc., a bankrupt, brought this proceeding to foreclose a mechanic's lien upon property owned by defendants Stephenson. The trial court sustained the demurrer without leave to amend and entered judgment thereon, and this appeal followed.

The sole question involved is the validity of section 1193 of the Code of Civil Procedure added by the Legislature in 1959. It is admitted that there was no compliance by the plaintiff with the provisions of that section, and it is an admitted fact that in the present state of the record compliance is impossible. If, therefore, section 1193 is a valid enactment the court properly sustained the demurrer.

The section provides: "(a) Except one under direct contract with the owner or one performing actual labor for wages, every person who furnishes labor, service, equipment or material for which a lien otherwise can be claimed under this chapter, must, as a necessary prerequisite to the validity of any claim of lien subsequently filed, cause to be given not later than 15 days prior to the filing of a claim of lien a written notice as prescribed by this section, to the owner or reputed owner and to the original contractor."

Counsel have been unable to locate any decision except that of *Reliable Steel Supply Co.* v. *Croom*, 181 Cal.App.2d Supp. 831 [5 Cal.Rptr. 310], decided by the Appellate Department of the Superior Court of Los Angeles County on May 17, 1960. In this opinion the superior court held that the section was unconstitutional. It was held that inasmuch as the Constitution of California placed mechanics, materialmen, artisans and laborers in the same class that the equality thus established cannot be impaired or destroyed by the Legislature. In that case the same contention was made as has been made in the instant case, viz., that the rulings upon which the Los Angeles court relied had to do with substantive matters, while this section was procedural in nature. This contention was met by the ruling that even though a procedural classification might be proper, nevertheless such classification must be reasonable and

based on some natural, intrinsic or constitutional difference related to the subject matter of the legislation.

We are satisfied with the reasoning of the Los Angeles court in the *Reliable Steel Co.* case. One additional thought might well be added. It must be borne in mind that in the ordinary case where mechanics' liens are filed that many of the liens are filed by subcontractors such as painters, plasterers, decorators and the like, who have furnished the labor of their employees in and about the construction. In many cases the lien of such subcontractor is almost entirely composed of the cost of labor. Yet the time within which such subcontractor may act to protect his right to lien is cut down from 30 days to 15 days, while other labor is given a full 30 days in which to act to preserve the lien. We see no sound basis, however, for any such distinction or classification.

We are, therefore, constrained to hold as did the Superior Court of Los Angeles County that section 1193 is invalid and unconstitutional. It is therefore ordered that the judgment is reversed and the cause remanded with directions to overrule the demurrer and permit the filing of answer.