[Civ. No. 20465. First Dist., Div. Two. Apr. 11, 1962.]

ALTA BUILDING MATERIAL COMPANY, Plaintiff and Respondent, v. M. P. CAMERON et al., Defendants and Appellants.

William L. Schoener for Defendants and Appellants.

Lawlor & McKibben and Eugene K. Lawlor for Plaintiff and Respondent.

AGEE, J.—Plaintiff sued defendants in the municipal court to foreclose its claim of lien for materials furnished to a plastering contractor and used by him upon defendants' real property. Plaintiff did not give the pre-lien notice required by section 1193 of the Code of Civil Procedure. However, the municipal court held that this requirement was unconstitutional and, after trial of the issues involved, gave judgment in favor of plaintiff.

On appeal, the Appellate Department of the Superior Court in and for the County of Alameda held to the contrary and directed the municipal court to enter judgment in favor of defendants.

Under rule 62(a) of Rules on Transfer of Municipal and Justice Court Appeals, the superior court certified that a transfer to this court appeared necessary in order to secure uniformity of decision and to settle an important question of law. We accepted the transfer.

Article XX, section 15, of the California Constitution, provides: "Mechanics, materialmen, artisans, and

laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens." Pursuant to the foregoing mandate the Legislature has enacted numerous provisions for the enforcement of such liens. (Code Civ. Proc., §§ 1181-1203.1.)

The pertinent provision of section 1193 is as follows: "(a) Except one under direct contract with the owner or one performing actual labor for wages, every person who furnishes labor, service, equipment or material for which a lien otherwise can be claimed under this chapter, must, as a necessary prerequisite to the validity of any claim of lien subsequently filed, cause to be given not later than 15 days prior to the filing of a claim of lien a written notice as prescribed by this section, to the owner or reputed owner and to the original contractor." The parties agree that this provision was not complied with.

In *Reliable Steel Supply Co.* v. *Croom,* 181 Cal.App.2d Supp. 831 [5 Cal.Rptr. 310], the foregoing requirement of notice was held to be unconstitutional on the ground that it was an unreasonable discrimination between a materialman and a laborer, both of whom were members of the same class created by the Constitution and one of whom was required to give the notice and the other was not. It was stated therein that, although the requirement of notice was a procedural rather than a substantive matter, any classification among the members of such constitutionally created class must be based upon some "natural or intrinsic difference directly related" to such requirement, and that such difference did not exist in this situation.

In *Hellen* v. *Stephenson,* 197 Cal.App.2d Supp. 863 [18 Cal.Rptr. 361], the Appellate Department of the Superior Court of the County of San Diego followed the holding of *Reliable Steel, supra.*

In the instant case, the Appellate Department of the Superior Court of the County of Alameda declined to follow *Reliable Steel* and *Hellen,* and held the notice requirement to be constitutional. This is the sole issue presented to us.

Plaintiff herein relies strongly upon *Miltimore* v. *Nofziger Bros. Lumber Co.* (1907) 150 Cal. 790 [90 P. 114]. The owner in that case paid into court the balance due from her to the contractor and asked that the respective rights of the lien

claimants to such fund be determined. Section 1194 of the Code of Civil Procedure then provided[1] that the proceeds of the lien foreclosure sale should be applied to each class of liens in the order of its rank, and gave preference to manual laborers over materialmen. This provision for preference in payment was held to be unconstitutional. The majority opinion states: "The effect of the constitutional provision, above quoted, [art. XX, § 15] is to place mechanics, materialmen, artisans, and laborers in the same class. They are each to have a lien, the mechanic, laborer, and artisan, for the value of his personal work or services bestowed, and the materialman for the value of materials furnished by him, and no preference is given to the one over the other. Their equality is thus established by the constitution, and it cannot be impaired or destroyed by the legislature. The constitution is self-executing to the extent that it confers upon these classes of persons a lien, and makes them equal in point of rank with regard to each other. The provision of the code that persons performing manual labor shall be first paid out of the proceeds of the property, and, *in effect, that the materialman shall have no lien,* except upon such balance of the proceeds as may remain after the laborers are fully paid, clearly impairs, and in many cases will destroy, the right of materialmen given by the constitution. To that extent the statute is void." (P. 792.) (Emphasis ours.)

Justices Shaw, Sloss and Angellotti dissented, stating: "We think, under the constitution, the legislature has power to provide a different order of priority with respect to laborers and materialmen, as well as with respect to contractors, subcontractors, and other classes of lien claimants."

We accept, as we must, the holding in the majority opinion. It is evident that the court had in mind the constitutional requirement that special laws shall not be passed authorizing the impairing of liens (art. IV, § 25, subd. 24th) and that, as a practical matter, giving priority to laborers over materialmen in payment of liens would have the effect in many cases of impairing if not destroying the materialman's lien. In fact, the majority opinion points out that in the case before it the fund deposited by the owner was not sufficient to pay all of the liens.

However, there is a fundamental distinction between *Miltimore* and the instant case. In the former it was held that

---

[1]The provision referred to was eliminated by Statute 1911, chapter 681, page 1318.

there could be no classification between the members of the class in question as to substantive matters, whereas in the instant case the requirement of notice is a procedural matter. Such a requirement affects only the manner in which the right is to be enforced. The right itself is not denied or impaired. Thus, section 1193 of the Code of Civil Procedure does not violate the constitutional prohibition against the impairing of liens.

 Plaintiff also contends that the classification provided for in section 1193 is unreasonable and discriminatory and therefore violates the provisions of our Constitution which require that all laws of a general nature shall have a uniform operation (art. I, § 11) and that special laws shall not be passed where a general law can be made applicable. (Art. IV, § 25, subd. 33d.)

For the limited purpose of the notice requirement contained therein, section 1193 creates two classes of lien claimants, (1) those who are either "under direct contract with the owner" or "performing actual labor for wages" and (2) all others.

 The following language in *Sacramento Municipal Utility Dist.* v. *Pacific Gas & Elec. Co.*, 20 Cal.2d 684, 693 [128 P.2d 529], is applicable: "The contention that the section in question [Code Civ. Proc. § 526b] lacks uniformity, grants special privileges and denies equal protection of the laws, is also without merit. None of those constitutional principles is violated if the classification of persons or things affected by the legislation is not arbitrary and is based upon some difference in the classes having a substantial relation to the purpose for which the legislation was designed. [Citations.] . . . Wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous. [Citations.] A distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it." (See also: *Dribin* v. *Superior Court*, 37 Cal.2d 345, 351-352 [231 P.2d 809, 24 A.L.R.2d 864]; *City of Walnut Creek* v. *Silveira*, 47 Cal.2d 804, 811 [306 P.2d 453].)

While the essential purpose of the mechanics' lien statutes is to protect those who have performed labor or furnished

material towards the improvement of the property of another (*Nolte* v. *Smith,* 189 Cal.App.2d 140, 144 [11 Cal.Rptr. 261]), inherent in this concept is a recognition also of the rights of the owner of the benefited property. It has been stated that the lien laws are for the protection of property owners as well as lien claimants (*Shafer* v. *Los Serranos Co.,* 128 Cal. App. 357, 362 [17 P.2d 1036]) and that our laws relating to mechanics' liens result from the desire of the Legislature to adjust the respective rights of lien claimants with those of the owners of property improved by their labor and material. (*Corbett* v. *Chambers,* 109 Cal. 178, 181 [41 P. 873].) As stated in *Diamond Match Co.* v. *Sanitary Fruit Co.,* 70 Cal. App. 695 [234 P. 322], at 701: "[I]t is no less the duty of the legislature, in adopting means for the enforcement of the liens referred to in the constitutional provision, to consider and protect the rights of owners of property which may be affected by such liens than it is to consider and protect the rights of those claiming the benefit of the lien laws. The liens which are filed under the lien law against property, as a general rule, grow out of contracts which are made by and between lien claimants and persons (contractors) other than the owner of the property so affected, and such liens may be filed and so become a charge against property without the owner having actual knowledge thereof."

 Viewing section 1193 within the framework of these principles, we are unable to state that the Legislature acted arbitrarily and unreasonably in making the classification which it did.

The section does not require a pre-lien notice by those under direct contract with the owner or those who perform actual labor for wages on the property. The logical reason for this distinction is that the owner would in the usual situation be apprised of potential claims by way of lien in connection with those with whom he contracts directly, as well as those who perform actual labor for wages upon the property.

However, as to materials furnished or labor *supplied* by persons not under direct contract with the owner, it may be difficult, if not impossible, for the owner to be so apprised and the clear purpose of section 1193 is to give the owner 15 days' notice in such a situation that his property is to be "embarrassed with a charge which will operate as a cloud upon the title thereof so long as the lien remains undischarged and that the property may be sold under foreclosure proceedings unless the debt to secure which the lien was filed is other-

wise sooner satisfied." (*Diamond Match Co.* v. *Sanitary Fruit Co., supra*, p. 702.)

We hold that the notice requirement contained in section 1193, subdivision (a), of the Code of Civil Procedure is constitutional. The judgment in favor of plaintiff is reversed, with directions to the municipal court to enter judgment in favor of defendants.

Kaufman, P. J., and Shoemaker, J.