**S & C ELECTRIC COMPANY, a corporation, Plaintiff,**

v.

**FIDELITY AND CASUALTY COMPANY OF NEW YORK, a corporation, Defendant.**

**Civ. No. 40089.**

United States District Court
N. D. California, S. D.

June 4, 1962.

902

McCutchen, Doyle, Brown & Enersen, Brent M. Abel, Bryant K. Zimmerman, San Francisco, Cal., for plaintiff.

Lindsay & Pettis, Oakland, Cal., for defendant.

ZIRPOLI, District Judge.

This diversity suit was brought by plaintiff, S & C Electric Company, to recover from Fidelity and Casualty Company of New York, the surety on a contractor's payment bond, the unpaid purchase price of a switch-gear supplied by plaintiff for the construction of new approaches to the San Francisco Bay Bridge. The bond was furnished by O. S. Jones & Sons, the general contractor for the construction work, in accordance with the requirements of its contract with the California State Department of Public Works. The switch-gear was supplied by plaintiff to a subcontractor, the Columbia Electric Manufacturing Co. Although Columbia received payment from the general contractor for the work it performed, it failed to pay plaintiff for the switch-gear.

Defendant has moved for summary judgment in its favor on the ground that plaintiff failed to give the notice required by Section 4209 of the California Government Code as a prerequisite to a right of action upon the bond. Section 4209 provides as follows:

"In any case in which the law of this State requires that a contractor for construction of a public work file a payment bond, every person to whose benefit the bond inures who has not been paid in full, other than a person who performs actual labor for wages, and who has no direct contractual relationship with the contractor furnishing said bond shall have a right of action upon the bond only upon having given written notice to said contractor within 90 days from the date on which such person furnished the last of the labor or materials for which such claim is made * * *."

Plaintiff has stipulated that it did not give the notice required by Section 4209, but contends that this statute is inapplicable to the bond in suit. Section 4209 by its terms applies to bonds required by law. Plaintiff claims that the bond in suit was not required by law, but rather by the Department of Public Works in the exercise of discretionary authority, and therefore the bond is not encompassed by Section 4209. Plaintiff also claims, in the alternative, that Section 4209 is invalid, in that it violates the California Constitution.

Plaintiff's argument that the requirement of the payment bond was a discretionary act by the Department of Public Works is predicated upon certain statutory authority given to the Department by the California Toll Bridge Authority Act, pursuant to which the construction work on the Bay Bridge approaches was done. The Toll Bridge Authority Act is codified in the California Streets & Highways Code, Sections 30000 et seq. Section 30150 provides that the Department of Public Works shall have full charge

of the acquisition and construction of all toll bridges, including approaches, authorized by the Toll Bridge Authority. Section 30154 provides that the Department "shall require of each contractor such bonds for the faithful performance of any contract or subcontract entered into pursuant to this chapter and for the payment for any labor, materials, or supplies used in, upon, for or about the performance of the work contracted to be done, fixing such terms and conditions, and in such amounts, as it deems to be for the best interests of the State."

Plaintiff contends that by authorizing the Department of Public Works to require such payment bonds as the Department deems to be in the best interests of the State, Section 30154 gives the Department the discretion not to require a bond. Defendant urges that Section 30154 does not have this effect, because its grant of discretionary authority is limited by other statutory provisions.

The first of these limitations, defendant claims, arises out of the provisions of the immediately preceding Code Section, 30153. This Section specifies that all toll bridges and approaches authorized by the Toll Bridge Authority shall be built by the Department of Public Works in accordance with the State Contract Act insofar as the provisions of that act are applicable, except that the amount of the cash, bidders' bonds, or certified checks required to accompany any bid submitted shall be fixed and determined by the Department. The State Contract Act is codified in Sections 14250 to 14424, inclusive, of the California Government Code. Section 14371 requires that: "Every contract shall provide for the filing of separate performance and labor and material bonds by the contractor executed by an admitted surety insurer, subject to the approval of the Department of Public Works." Section 14372 provides that: "Each bond shall be in a sum equal to at least one-half of the contract price, except as otherwise provided in Section 4202 or in the California Toll Bridge Authority Act." Defendant urges that inasmuch as the State Contract Act specifically requires a labor and materials payment bond, the discretion given the Department of Public Works by the Toll Bridge Authority Act in respect to performance and payment bonds and their terms and conditions does not include the discretion to dispense with such bonds entirely.

Defendant further contends that the discretion given by the Toll Bridge Authority Act is also limited by Government Code Sections 4200 and 4204, which are contained in the division of that Code dealing generally with public works and public purchases. Section 4200 states that: "Every person to whom is awarded a contract involving an expenditure in excess of one thousand dollars ($1,000.00) for the improvement, erection or construction of any building, road, bridge or other structure, excavating, or other mechanical work for the State, or for any political subdivision or agency of the State shall, before entering upon the performance of the work, file a good and sufficient bond with the officer or body by whom the contract was awarded." Section 4204 specifies that the bond required by Section 4200 must be conditioned to secure payment for any labor or material furnished in connection with the performance of the work covered by the contract.

In the opinion of the Court, the specific bond requirements made by the statutory provisions cited by defendant limit the discretion given the Department of Public Works by the general terms of the provision of the Toll Bridge Authority Act codified in Section 30154 of the Streets and Highways Code. In view of the specific and repeated legislative mandate that payment bonds shall be required of those doing construction work under contract with the State or its agencies or political subdivisions, it would be unreasonable to hold that the legislature intended by the general language of Section 30154 to confer upon the Department of Public Works the discretion to dispense with such bonds in the construction of toll bridges and their approaches.

904

The Court concludes that the notice requirements of Section 4209 of the Government Code are applicable to the bond in suit. Consequently, attention must be given to plaintiff's contention that Section 4209 is invalid in that it violates the California Constitution. This contention was prompted by decisions striking down as unconstitutional an analogous statutory provision, Section 1193 of the California Code of Civil Procedure, making notice a prerequisite to the enforcement of mechanics' liens. These decisions were made by the Appellate Departments of the Superior Courts of Los Angeles and San Diego counties in Reliable Steel Supply Co. v. Croom, 181 Cal.App.2d Supp. 831, 5 Cal.Rptr. 310 (1960), and Hellen v. Stephenson, 197 A. C.A. 785, 18 Cal.Rptr. 361 (1961).

Since the motion before the Court was argued and briefed, there has been a decision by the California District Court of Appeal, holding Section 1193 of the Code of Civil Procedure to be constitutional and rejecting the reasoning of the prior decisions by the Appellate Department of the Superior Court. Alta Building Material Co. v. Cameron, 202 A.C.A. 330, 20 Cal.Rptr. 713 (1962). This decision constitutes a statement of the California law respecting the constitutionality of Section 1193 by the highest state court that has considered the question. It is a decision which must be accepted by this Court as the authoritative statement of the California law. Six Companies of Cal. v. Joint Highway District No. 13, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114 (1940). Plaintiff concedes that if Section 1193 of the Code of Civil Procedure is constitutional, Government Code Section 4209 is likewise constitutional. Thus the effect of the decision of the California District Court of Appeal is to remove the question of the constitutionality of Government Code Section 4209 as an open issue in the determination of the motion before the Court.

Defendant's motion for summary judgment in its favor is granted. Present judgment accordingly.