OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

---

| | |
|---|---|
| OPINION : | |
| : | No. 90-391 |
| of : | |
| : | JULY 6, 1990 |
| JOHN K. VAN DE KAMP : | |
| Attorney General : | |
| : | |
| RODNEY O. LILYQUIST : | |
| Deputy Attorney General : | |
| : | |

---

THE BOARD OF TRUSTEES OF THE SAN LUIS COASTAL UNIFIED SCHOOL DISTRICT ("Board") has requested this office to grant it leave to sue CAROLINE BOTWIN pursuant to the provisions of Code of Civil Procedure sections 803-810. The proposed complaint alleges that Ms. Botwin is disqualified from holding the office of Board member because she is a certificated employee of the San Luis Coastal Unified School District ("District"). In her response, Ms. Botwin alleges that a school teacher is not barred from being elected to the office of school district board member.

CONCLUSION

Leave to sue is denied.

MATERIAL FACTS

On September 6, 1983, Ms. Botwin was hired by the District as a probationary certificated employee to teach English at Morro Bay High School. On June 30, 1985, she became a permanent certificated employee of the District and has continued to serve as a full-time teacher of English at Morro Bay High School.

On November 7, 1989, Ms. Botwin was elected as a member of the governing board of the District. On February 2, 1990, Ms. Botwin took the oath of office as a Board member.

LEGAL ISSUE

May a school teacher lawfully hold the office of school trustee for the district in which he or she is employed?

1.                                                                      90-391

ANALYSIS

Code of Civil Procedure 803 authorizes the Attorney General to bring an action "in the name of the people . . . upon a complaint of a private party, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office . . . ."  The action authorized is "in the nature of quo warranto."  (*International Assn. of Fire Fighters* v. *City of Oakland* (1985) 174 Cal.App.3d 687, 693.)

Preliminarily we note that the right to seek public office is constitutionally protected.  In *Canaan* v. *Abdelnour* (1985) 40 Cal.3d 703, 727, the Supreme Court observed:

"The right to seek public office and the right to the unrestricted exercise of the franchise are fundamental.  They are protected by the First Amendment and article 1, section 2 of the California Constitution."

In *Helena Rubenstein International, Inc.* v. *Younger* (1977) 71 Cal.App.3d 406, 418, the court declared:

"We consider disqualification from public office a significant civil disability.  In California, the right to hold public office has long been recognized as a valuable right of citizenship.  In 1869, in *People* v. *Washington*, 36 Cal. 658, 662, our Supreme Court declared that "[t]he elective franchise and the right to hold public offices constitute the principal political rights of citizens of the several States."  In *Carter* v. *Com. on Qualifications etc.*, 14 Cal.2d 179, 182, the court pointed out: "[T]he right to hold public office, either by election or appointment, is one of the valuable rights of citizenship . . . The exercise of this right should not be declared prohibited or curtailed except by plain provisions of law.  Ambiguities are to be resolved in favor of eligibility to office. . . ." (Italics added.) More recently, the high court, citing *Carter*, has termed the right to hold public office a "fundamental right." (*Zeilenga* v. *Nelson*, 4 Cal.3d 716, 720; *Fort* v. *Civil Service Commission*, 61 Cal.2d 331, 335.)  Thus, any ambiguity in a constitutional provision calling for forfeiture of an existing office and disqualification from holding public office should be resolved in favor of continued eligibility."

With respect to the statutory qualifications for being a school board member in California, Education Code section 35107 provides:

"Any person, regardless of sex, who is 18 years of age or older, a citizen of the state, a resident of the school district, a registered voter, and who is not disqualified by the Constitution or laws of the state from holding a civil office, is eligible to be elected or appointed a member of a governing board of a school district."

The Legislature thus has not expressly precluded school teachers from serving as school board members.[1]  Indeed, Education Code section 35107 gives a statutory right to hold the office of

---

[1]  In contrast the Legislature has prohibited school teachers and other district employees from serving on a county board of education.  Education Code section 1006 states:

"Any registered voter is eligible to be a member of the county board of

school trustee by those meeting its criteria. Ms. Botwin meets the qualifications specified in the statute.

In light of Education Code section 35107, we believe that the only basis here for possibly granting leave to sue under the terms of Civil Code sections 803-810 would be the application of the "incompatibility of office" doctrine. Institution of "quo warranto" proceedings would be appropriate if both positions held by Ms. Botwin were "offices," and the offices were incompatible under the terms of this common law doctrine. (See, e.g., 27 Ops.Cal.Atty.Gen. 33 (1956).) In the leading case of *People* ex rel. *Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, the Supreme Court ruled that a "quo warranto" action was properly filed against a city judge who had accepted an appointment as the city attorney. The court applied the common law rule "that the acceptance by a public officer of another office which is incompatible with the first thereby vacates the first office; that is, the mere acceptance of the second incompatible office per se terminates the first office as effectively as a resignation." (*Id.*, at p. 644.)[2]

The incompatibility of office prohibition has no application, however, when one of the two positions is an employment rather than an office. (68 Ops.Cal.Atty.Gen. 337, 339-340 (1984).) It has long been decided that a school teacher is an employee rather than an officer for purposes of this common law doctrine. (9 Ops.Cal.Atty.Gen. 64, 66 (1947); see *Coulter* v. *Board of Education* (1974) 40 Cal.App.3d 445, 455; *Main* v. *Claremont Unified School Dist.* (1958) 161 Cal.App.2d 189, 197-198; *Leymel* v. *Johnson* (1930) 105 Cal.App. 694, 699-703.) Accordingly this doctrine does not provide a basis for granting leave to sue Ms. Botwin under the terms of Civil Code sections 803-810. We know of no other constitutional principle or rule of law that would bar Ms. Botwin from being elected to the office of school trustee.

It must be conceded, however, that Ms. Botwin will have a conflict of interests from time to time when performing her dual responsibilities for the District. Decisions as a Board member regarding salaries for teachers (Ed. Code, §§ 45022; see Gov. Code, § 3540.1) provide an obvious conflict for Ms. Botwin. A proposal to spend money on any program other than teacher salaries may be viewed as competing against fund proposals for teacher compensation and benefits including reduced class sizes. The administrators who have authority over and evaluate Ms. Botwin's teaching performance are in turn subject to evaluation by the Board. (Ed. Code, §§ 35160.5, 44660-44665.) Board members are required to act upon all recommendations for dismissal or disciplinary action involving teachers and would necessarily decide whether to lay off any employees in the event of a lack of funds. (Ed. Code, §§ 44932, 44955.)

While these situations may call for the application of various conflict of interests laws, the laws themselves normally do not call for a resignation from one of the conflicting positions or activities. Instead, each matter is usually decided on an individual basis with the person abstaining when so required. In any event, these laws do not provide a basis for trying title to office in a "quo warranto" proceeding. They depend upon activities subsequent to the person taking the oath of office.

---

education except the county superintendent of schools, any member of his staff, or any employee of a school district."

[2] As pointed out in the Supreme Court's language, if the incompatibility of office doctrine were to apply to Ms. Botwin, she would be held to have vacated the (first) "office" of certificated employee and would retain her (second) office as Board member.

For example, the Political Reform Act of 1974 (Gov. Code, §§ 81000-91015), which is the principal conflict of interests statutory scheme in California, prohibits participating in or influencing governmental decisions on a case by case basis. (Gov. Code, § 87100 ["No public official . . . shall make, participate in making or in any way attempt to use his official position to influence a governmental decision in which he knows or has reason to know he has a financial interest"]; see 70 Ops.Cal.Atty.Gen. 45, 46 (1987); 67 Ops.Cal.Atty.Gen. 7, 9 (1984); 63 Ops.Cal.Atty.Gen. 916, 918-919 (1980).) Not only does this legislation not cause a forfeiture of office, it would be inapplicable to the present situation of a school teacher elected to be a school board member. "As a general proposition, the PRA was intended to proscribe conflicts arising between public duties and private or personal financial interests, and not conflicts which might arise between two public interests an individual might have." (59 Ops.Cal.Atty.Gen. 604, 614, fn 15 (1976).) While "financial interest" is defined to include "[a]ny source of income" (Gov. Code, § 87103, subd. (c)), "income" is defined to exclude "[s]alary . . . received from a state, local, or federal government agency" (Gov. Code, § 82030, subd. (b)(2)). Because of this exclusion, Ms. Botwin's salary as an employee of the District would not affect her decision-making duties as a Board member for purposes of the Political Reform Act of 1974. (See 68 Ops.Cal.Atty.Gen. 337, 353 (1985); 61 Ops.Cal.Atty.Gen. 412, 414 (1978); 59 Ops.Cal.Atty.Gen. 604, 612, fn. 15 (1976).)

Another conflict of interests statute, one that is made expressly applicable to school board members,[3] is Government Code section 1090. It provides in part:

"Members of the Legislature, state, county, district, judicial district, and city officers or employees shall not be financially interested in any contract made by them in their official capacity, or by any body or board of which they are members."

This prohibition would clearly prevent a school board member from becoming a teacher in the same district. (See *Thomson* v. *Call* (1985) 38 Cal.3d 633, 645; *Neilsen* v. *Richards* (1925) 75 Cal.App.680, 691; 69 Ops.Cal.Atty.Gen. 305, 307-309 (1982); 26 Ops.Cal.Atty.Gen. 281, 283-286 (1955).)

On the other hand, it is equally clear that the terms of Government Code section 1090 would not prevent a teacher with an existing contract from becoming a school board member. The person would not have had the dual roles at the time the contract was executed. (See *City of Imperial Beach* v. *Bailey* (1980) 103 Cal.App.3d 191, 194-196; 69 Ops.Cal.Atty.Gen. 102, 107-108 (1986); 65 Ops.Cal.Atty.Gen. 305, 306-308 (1982); 3 Ops.Cal.Atty.Gen. 332, 333-334 (1944).)

While Government Code section 1090 normally does not allow the making of a contract by a governmental board even when the financially interested board member abstains (*Thomson* v. *Call, supra*, 38 Cal.3d 633, 649; *City of Imperial Beach* v. *Bailey, supra*, 103 Cal.App.3d 191, 195), various statutory exceptions exist to the prohibition (see Gov. Code, §§ 1091, 1091.5; *Citizen Advocates, Inc.* v. *Board of Supervisors* (1983) 146 Cal.App.3d 171, 178-

---

[3] Education Code section 35233 provides:

"The prohibitions contained in Article 4 (commencing with Section 1090) and Article 4.7 (commencing with Section 1125) of Division 4 of Title 1 of the Government Code are applicable to members of governing boards of school districts."

179; *Frazer-Yamor Agency, Inc.* v. *Del Norte County* (1977) 68 Cal.App.3d 201, 217-218),[4] and a "rule of necessity" has been applied in various circumstances to allow the making of a contract that Government Code section 1090 would otherwise proscribe (see 69 Ops.Cal.Atty.Gen. 102, 107-112 (1986); 65 Ops.Cal.Atty.Gen. 305, 308-311 (1982)).  We have based our "rule of necessity" opinions allowing school boards to enter into contracts with their employees on the grounds that a school board is the only entity empowered to contract on behalf of a school district, a district must employ teachers, and teachers have statutory rights against termination except for cause.  (See also *Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 344, 366-367; *Gonzalves* v. *City of Dairy Valley* (1968) 265 Cal.App.2d 400, 404-405; *Jeffery* v. *City of Salinas* (1965) 232 Cal.App.2d 29, 40; 69 Ops.Cal.Atty.Gen. 255, 256-257; 67 Ops.Cal.Atty.Gen. 369, 378 (1984).)

At most, then, Government Code section 1090 would require Ms. Botwin to abstain when the Board is making contracts in which she has a financial interest and would prevent her from changing her employment relationship with the District by promotion or otherwise.  (See 69 Ops.Cal.Atty.Gen. 102, 110, fn. 7 (1986).  The basis for the latter treatment would be that no "necessity" would exist for the Board to act with respect to a change of position.

Importantly for purposes of this "quo warranto" application, the provisions of Government Code section 1090 do not cause a forfeiture of office or even provide a basis for requiring the person to resign.  (*Thomson* v. *Call*, *supra*, 38 Cal.3d 633, 650, fn. 25 ["Resignation from office does not, however, appear to be a viable alternative; indeed, it may be counter to the public interest in retaining competent public officers"]; 67 Ops.Cal.Atty.Gen. 7, 10 (1984) [Government Code section 1090 "is not intended to prohibit an individual from <u>holding</u> public office or employment"]; 65 Ops.Cal.Atty.Gen. 305, 310 (1982) [" . . . The superintendent need not resign.  First of all, as an elective official, he has been placed in office by the people.  The electorate have a right to expect that he will serve unless he voluntarily resigns from office or is removed from office under clearly established procedures for removal (e.g., recall by the electorate, see Elec. Code, § 27000 et seq., or removal for willful or corrupt misconduct in office, Gov. Code, § 3060 et seq.)"].)

Another conflict of interests statute made expressly applicable to school board members (see Ed. Code, § 35233) is Government Code section 1126.  The basic prohibition of this statute is found in subdivision (a) and states as follows:

> " . . . a local agency officer or employee shall not engage in any employment, activity, or enterprise for compensation which is inconsistent, incompatible, in conflict with, or inimical to his or her duties as a local agency officer or employee . . . ."

We have previously concluded that the application of Government Code section 1126 does not cause a forfeiture of office or even require resignation.  Normally, abstention on a transaction by transaction basis is all that is required when a particular conflict arises under this statute.  "It is therefore concluded that section 1125 et seq. do not require a resignation of one office or employment if an incompatibility is found within the meaning of section 1126, but that abstention will be permitted on a transactional basis."  (59 Ops.Cal.Atty.Gen. 604, 613 (1976); accord, 70 Ops.Cal.Atty.Gen. 157, 162 (1987).)

---

[4]  We note that Education Code section 35239 acts as a special statutory exception to the general prohibition of Government Code section 1090 for small school districts meeting the conditions specified therein.

Even if the conflict of interests were found to be pervasive and continuing for purposes of Government Code section 1126, the appropriate remedy would not be a "quo warranto" proceeding to try title to the office. Rather, we have said that a grand jury accusation (Gov. Code, § 3060) or recall by the electorate (Elec. Code, §§ 27000-27346) based upon misconduct while in office would provide appropriate remedies if the individual did not voluntarily cease one of the conflicting activities. (70 Ops.Cal.Atty.Gen. 157, 166-167 (1987).)

Having found no basis upon which to grant leave to sue pursuant to the terms of Civil Code sections 803-810, we conclude that it would not be in the interests of the public to institute proceedings against Ms. Botwin as requested by the Board.

* * * * *