[Civ. No. 13292. Second Dist., Div. Two. Oct. 7, 1941.]

HAYWARD LUMBER & INVESTMENT COMPANY (a Corporation), Appellant, v. COAST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LOS ANGELES (a Corporation) et al., Respondents.

Philip T. Lyons for Appellant.

Crail, Crail & Crail, George W. Burch, Jr., Jerome Giss and Alfred R. Meyers for Respondents.

SCOTT (R. H.), J *pro tem.*—This is an appeal by plaintiff from a judgment establishing and prorating the residue of a building loan among certain lien claimants.

The owners of certain real property obtained a loan to construct buildings thereon and gave their notes and two first trust deeds to secure them. The property was later sold under the trust deeds. An unexpended portion of the loan fund amounting to $4650.53 remained in the hands of defendant Coast Federal Savings and Loan Association of Los Angeles, which announced that it was ready and willing to pay the fund into court for distribution or to distribute *pro rata* among defendants and plaintiff in accordance with the court's order. Certain lien claimants, including plaintiff and six defendants, Patten-Blinn Lumber Co., Dunns, Inc., Peterson & Golt, F. L. Jordon S. & D. Co., Monarch Screen & Mfg. Co. and Story & Sons, had filed their claims for mechanics' liens and had filed suit to enforce them as provided in section 1190 of the Code of Civil Procedure. Five other defendants, Osipow Electric Supply Co. and Philip M. Haddox, Commercial Carpet Co., Enscoe, Hazen and Robertson, had filed mechanics' liens but had not filed suit to enforce them. The trial court gave judgment dividing the balance of the loan fund *pro rata* among plaintiff and the eleven defendants named other than the Coast Federal.

Plaintiff on appeal urges that the lien claimants who had not pursued their claims by filing suit under sec-

tion 1190 of the Code of Civil Procedure were not entitled to participate in such a division, and that the trial court should have divided the sum *pro rata* only among those who not only had filed a mechanic's lien claim but also had brought suit to enforce it.

The Supreme Court of this state, in the case of *Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496 [271 Pac. 898], has held that such a fund is subject to *pro rata* distribution "among those persons having legally and satisfactorily established their lien claims" against the real property involved. That case "was decided upon the dual grounds that the owner and the lender were estopped by their conduct to withhold the fund, and that the claimants had an equitable lien thereon. The essential basis of the opinion is the justifiable reliance upon the fund by the lien claimants." (*Pacific Ready Cut Homes* v. *Title Insurance & Trust Co.*, 216 Cal. 447, 450 [14 Pac. (2d) 510].)

In this case it is not denied that all parties asserting claims had furnished the labor and material for which they sought compensation. It is solely a question of whether to assert successfully a claim to a share in the funds available it was an essential prerequisite that the claimant not only should have filed his claim for mechanic's lien but also must have filed a suit in court to enforce it. Plaintiff contends that the words above quoted, "legally and satisfactorily established," can tolerate no lesser construction, but nowhere urges that the claimant must have gone beyond the act of filing the suit in order to thus establish his right to share in the funds. It does not appear that the mere filing of such a suit to enforce a mechanic's lien, which is but a statutory step, would lend a weight or dignity to the claim or more "legally and satisfactorily" establish it than has been done in this case by the submission of it to the trial court and the determination of its validity by that tribunal.

Plaintiff's position if upheld would construe the case of *Smith* v. *Anglo-California Trust Company, supra,* to mean that in such a case as this, where a suit is to be brought by certain claimants to secure payment out of a special fund, although they know they are about to bring such an equitable action to determine their right to a *pro rata* distribution of the fund, each claimant must preface his filing or joining in such action by filing a separate suit to enforce his individual

214

mechanic's lien even though he has no intention of ever bringing it to trial.

A mechanic's lien is a statutory lien (*Spinney* v. *Griffith*, 98 Cal. 149 [32 Pac. 974]), and the provisions for enforcing it are set out in title IV, chapter II, Code of Civil Procedure. The language of our Supreme Court above quoted expressly negatives the suggestion that equity will deny equal consideration to all those who can establish the justice of their claims and their right to compensation out of the fund. It nowhere indicates that it considers an action such as the instant case as being in effect one to enforce a mechanic's lien—a statutory suit to enforce a statutory lien. The case now before us is an equitable action to enforce an equitable lien of the claimants against a fund which owner and lender are estopped to withhold. (*Pacific Ready Cut Homes* v. *Title Insurance & Trust Co., supra.*)

We conclude that plaintiff and the eleven defendants who are claimants in this action are entitled to share *pro rata* in the distribution of the funds as provided in the judgment of the trial court.

Judgment affirmed.

Moore, P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 1, 1941.