EMBREE CONSTRUCTION GROUP, INC. v. RAFCOR, INC., UNITED CAROLINA BANK, ANTHONY J. SAPIENZA, RONALD THOMAS TEDESCO AND FREDERICK ANTHONY OCCHINO

No. 8926SC587

(Filed 20 February 1990)

1. **Laborers' and Materialmen's Liens § 8 (NCI3d)— contractor's lien against bank holding construction funds—equitable lien** .
    Plaintiff alleged a legally enforceable claim against defendant bank, and the trial court erred in dismissing the complaint for failure to state a claim pursuant to N.C.G.S. § 1A-1, Rule 12 (b)(6) where plaintiff contractor alleged that it had an equitable lien on the construction loan balance for the building it built because in reliance upon the fund being disbursed it completed the construction when the property owner was not in default, and that by acquiring the completed building as security for the loan without disbursing the agreed amount the bank had unjustly enriched itself at plaintiff's expense.

    **Am Jur 2d, Mechanics' Liens §§ 2, 268, 273.**

EMBREE CONSTRUCTION GROUP v. RAFCOR, INC.

[97 N.C. App. 418 (1990)]

**2. Contracts § 33 (NCI3d) — tortious interference with contract — sufficiency of allegations**

Plaintiff's allegations were sufficient to state a claim for tortious interference with contract where plaintiff alleged that, with actual knowledge of both the construction contract and the loan contract, the individual defendants, as officers and directors of defendant corporation, intentionally caused the corporation not to request defendant bank to make the final payment due plaintiff under the construction contract for the wrongful purpose of limiting their personal liability under their guaranty agreement, and plaintiff was thereby damaged to the extent of the undisbursed loan funds.

**Am Jur 2d, Interference § 55.**

Judge GREENE dissenting.

APPEAL by plaintiff from orders entered 3 February 1989 and 13 February 1989 by *Snepp, Judge,* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 15 November 1989.

Plaintiff's appeal is from orders under the provisions of Rule 12(b)(6), N.C. Rules of Civil Procedure, dismissing its complaint against the defendant bank and defendants Tedesco and Occhino for failing to state a claim on which relief can be granted. The action seeks to recover from defendant Rafcor, Inc. a balance of approximately $110,000 for constructing its restaurant building; to recover from defendant bank a balance of approximately $70,000 that it agreed to loan Rafcor for constructing its building; and to recover damages from the individual defendants for tortiously interfering with plaintiff's construction contract with Rafcor and Rafcor's loan agreement with the bank. Defendants Rafcor and Sapienza are not parties to this appeal.

The allegations deemed not to state an enforceable claim against either the bank or the individual appellees are to the following effect: On 27 September 1987 the bank agreed to loan Rafcor $942,500 to construct a restaurant building and buy the lot it was to be built on; to periodically advance money on the project as construction progressed; and to advance the full amount upon the project being completed in accord with the agreement. The loan was secured by a deed of trust on the construction site and its payment was guaranteed by the individual defendants, who are shareholders,

directors and officers of Rafcor. On 2 October 1987, plaintiff contracted with Rafcor to construct the building. In reliance upon the loan funds being disbursed as agreed, plaintiff completed the construction in March 1988, and is owed a contract balance of $70,000 plus $32,973 for extra construction not specified by the contract. Pursuant to its periodic applications for payment during construction, all the loan funds except approximately $70,000 were disbursed directly to plaintiff; the final $70,000 has not been disbursed though plaintiff duly applied for it after construction was completed and when Rafcor's loan was not in default. Through plaintiff's performance of the construction contract the bank received all the security it bargained with Rafcor for, to wit, a completed building on the lot specified. By holding the remaining loan proceeds and refusing to apply them to plaintiff's construction costs it has unjustly enriched itself at plaintiff's expense, and plaintiff has an equitable lien upon the funds.

After construction of the building was completed and plaintiff was entitled to the balance owed by Rafcor the individual defendants without justification, in their own interest, and for the purpose of avoiding further liability to the bank under their guaranty agreement, caused Rafcor not to request the disbursement of the remaining loan funds, and induced the bank not to pay them to plaintiff to its resulting damage.

*Perry, Patrick, Farmer & Michaux, by Roy H. Michaux, Jr. and Timothy E. Cupp, for plaintiff appellant.*

*Petree Stockton & Robinson, by Jackson N. Steele, for defendant appellee United Carolina Bank.*

*Casstevens, Hanner, Gunter & Gordon, by Marc R. Gordon, for defendant appellees Tedesco and Occhino.*

PHILLIPS, Judge.

[1] Accepting the foregoing allegations as true, as we must since the sufficiency of a complaint to state a claim for relief is being determined, *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E.2d 282 (1976), and bearing in mind that complaints may not be dismissed for not stating a claim under Rule 12(b)(6), N.C. Rules of Civil Procedure, unless it appears "to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim," *Stanback v. Stanback*, 297 N.C.

EMBREE CONSTRUCTION GROUP v. RAFCOR, INC.

[97 N.C. App. 418 (1990)]

181, 185, 254 S.E.2d 611, 615 (1979), *citing* 2A Moore's Federal Practice, Sec. 12.08, pp. 2271-74 (2d ed. 1975) (emphasis omitted), we first consider whether a legally enforceable claim is alleged against defendant bank. The claim, in substance, is that plaintiff contractor has an equitable lien on the construction loan balance for the building it built because in reliance upon the fund being disbursed it completed the construction when the property owner was not in default, and that by acquiring the completed building as security for the loan without disbursing the agreed amount the bank has unjustly enriched itself at plaintiff's expense. The enforceability of such a claim as plaintiff's has not been considered by our Courts. Contrary to the appellee bank's argument, that our comprehensive lien statute, Chapter 44A of the North Carolina General Statutes, makes no provision for a lien of this type is not determinative; for that legislation did not purport to abrogate long established principles under which equitable liens have been enforced by our Courts in a variety of situations, as *Garrison v. The Vermont Mills*, 154 N.C. 1, 69 S.E. 743 (1910), and the cases cited indicate. Nor was the Court's refusal to enforce such a lien in *Urban Systems Development Corp. v. NCNB Mortgage Corp.*, 513 F.2d 1304 (4th Cir. 1975), a bar to this claim, for the contractor in that case had not completed the construction bargained for and the lender was holding an uncompleted building as security for its loan.

But claims indistinguishable from this one have been considered by other Courts, some of which have approved them. *See* Annotation, Building and Construction Contracts: Contractor's Equitable Lien Upon Percentage of Funds Withheld by Contractee or Lender, 54 A.L.R.3d 848 (1974). In a number of well reasoned decisions, including *Smith v. Anglo-California Trust Co.*, 205 Cal. 496, 271 P. 898 (1928), *disapproved on other grounds by Lucas v. Hamm*, 56 Cal. 2d 583, 364 P.2d 685, 15 Cal. Rptr. 821 (1961), *cert. denied*, 368 U.S. 987, 7 L.Ed.2d 525, 82 S.Ct. 603 (1962), *Swinerton & Walberg Co. v. Union Bank*, 25 Cal. App. 3d 259, 101 Cal. Rptr. 665, 54 A.L.R.3d 839 (1972), and *Hayward Lumber & Investment Co. v. Coast Federal Savings & Loan Ass'n of Los Angeles*, 47 Cal. App. 2d 211, 117 P.2d 682 (1941), the California Courts have upheld the lien under circumstances similar to those alleged. In *Miller v. Mountain View Savings & Loan Ass'n*, 238 Cal. App. 2d 644, 661, 48 Cal. Rptr. 278, 290 (1965), the California Court of Appeals cogently said—

Where the lender has received the benefit of the claimant's performance, and therefore a more valuable security for its note, it is not justified in withholding or appropriating to any other use money originally intended to be used to pay for such performance and relied upon by the claimant in rendering its performance.

This is sound equitable doctrine, in our opinion, and it applies to the circumstances alleged. For if the bank's security has been enhanced and perfected by plaintiff's performance in reliance upon the loan funds being disbursed, and if the bank has not been relieved of its obligation to disburse the balance of funds by the borrower's default, retaining the funds to plaintiff's detriment and its own unearned enrichment would be unjust. Whether any of the allegations can be proved is, of course, not before us; our role under the record is to decide the sufficiency of the complaint, and we are of the opinion that it states an enforceable claim.

The bank's argument that the view we have adopted was overruled in *Boyd & Lovesee Lumber Co. v. Modular Marketing Corp.*, 44 Cal. App. 3d 460, 118 Cal. Rptr. 699 (1975), is incorrect. The reversal in that case was based upon a subsequently enacted California statute which abolished all rights of equitable lien against trust funds except those based upon a written contract between the claimant and the person holding the fund. North Carolina has no similar statutory prohibition. The bank's further argument that Rafcor was in default under the terms of the deed of trust cannot be considered because the appeal concerns only the sufficiency of the complaint to state a claim for relief, the deed of trust is not a part of either the complaint or the record on appeal, as stipulated to by the parties, and the complaint alleges that Rafcor was not in default.

[2]   As to the enforceability of the claim asserted against the individual defendants the claim in substance is that: With actual knowledge of both the construction contract and the loan contract, they intentionally caused Rafcor not to request the bank to make the final payment due plaintiff under the construction contract for the wrongful purpose of limiting their personal liability under their guaranty agreement, and that plaintiff was thereby damaged to the extent of the undisbursed loan funds. The claim stated is for tortious interference with contract, the elements of which are as follows: (1) a valid contract between plaintiff and a third per-

**EMBREE CONSTRUCTION GROUP v. RAFCOR, INC.**

[97 N.C. App. 418 (1990)]

son; (2) defendants had knowledge of the contract; (3) defendants intentionally induced the third person not to perform the contract; (4) in doing so defendants acted without justification; and (5) plaintiff was damaged thereby. *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988); *Childress v. Abeles*, 240 N.C. 667, 674, 84 S.E.2d 176, 181-82 (1954), *reh'g dismissed*, 242 N.C. 123, 86 S.E.2d 916 (1955). All of these elements — contract, knowledge, interference, absence of justification, and damage — are explicitly alleged by plaintiff's complaint. In dismissing the claim the court apparently was under the mistaken impression that element (4), that defendants acted without justification, cannot be established since defendants, as officers and directors of the contracting corporation, had the right and duty to act for the company in regard to its contracts and other business. G.S. 55-35. But their justification in interfering with the contract in question is not established by that duty. For "[j]ustification imports 'a sufficient lawful reason why a party did or did not do the thing charged,'" *Childress v. Abeles, supra*, at 674-75, 84 S.E.2d at 182, *citing* 51 C.J.S. 421, and the right of an officer and director of a corporation to interfere with its contracts is not unlimited; "'[i]ndividual liability may . . . be imposed where . . . acts involve individual and separate torts distinguishable from acts solely on his employer's behalf or where his acts are performed in his own interest and adverse to that of his firm.'" *Wilson v. McClenny*, 262 N.C. 121, 133-34, 136 S.E.2d 569, 578 (1964) (citations omitted). The allegations in the complaint that the individual defendants acted purely for their own personal benefit, rather than in the best interest of Rafcor as they were obligated to do, entitle plaintiff to support the allegations with evidence if it can.

Reversed.

Judge BECTON concurs.

Judge GREENE dissents.

(Former Judge BECTON concurred in the result reached in this case prior to 9 February 1990.)

EMBREE CONSTRUCTION GROUP v. RAFCOR, INC.

[97 N.C. App. 418 (1990)]

Judge GREENE dissenting.

I reject the view that the contractor, who had no contractual relationship with the lender, has an equitable lien against monies not disbursed by the lender to the owner. No North Carolina cases establish such a cause of action for the plaintiff, and the better reasoned view in my opinion requires rejection of such an equitable lien. Our Legislature has provided for liens to protect builders (N.C.G.S. § 44A-7 et seq. (1989)), and I perceive no good reason for the courts to judicially legislate additional security for the builder. *See* 51 Am.Jur. 2d *Liens* § 24, at 163 (1970) ("there must be some ground for equitable intervention, including the absence of an adequate remedy at law"); *see also R. M. Shoemaker Co. v. Southeastern Pennsylvania Economic Development Corp.*, 419 A.2d 60 (1980); *Pratt Lumber Co. v. T. H. Gill*, 278 F. 783, 789-90 (E.D.N.C. 1922).

The plaintiff argues that "the gravamen of the equitable lien claim . . . is equity's abhorrence for the unjust enrichment of a lender at the expense of the performing contractor who relied on the loan proceeds for payment." I fail to see the unjust enrichment which theoretically accrues to a creditor since the creditor possesses an interest only to the extent of the amount actually disbursed. Any value of the building in excess of that amount, presumably the value added by the contractor for which the contractor was not paid, cannot be considered a windfall for the creditor since the creditor has no interest in that value.

Regarding the tortious interference with contract claim against defendants Tedesco and Occhino, the fourth element of that cause of action requires that the defendants acted without justification. As the majority notes, an officer or director of a corporation acts without justification, such that individual liability can be imposed, only where "his acts are performed in his own interest *and* adverse to that of his firm" (emphasis added). Here the plaintiff failed to allege that these defendants' acts were adverse to that of their firm, Rafcor, Inc. Therefore, the pleadings here fail to state a claim upon which relief can be granted for interference with contract.

Accordingly, I would affirm the order of the trial court dismissing the complaint against United Carolina Bank, Tedesco and Occhino.